17 A.3d 177

GMAC, PLAINTIFF, v. ROSANNA PITTELLA, DEFEN-DANT/THIRD–PARTY PLAINTIFF–RESPONDENT, v. PINE BELT ENTERPRISES, INC., THIRD–PARTY DEFENDANT–AP-PELLANT.

Argued January 31, 2011—Decided March 23, 2011.

*Walter R. Krzastek, Jr.*, argued the cause for appellant (*McElroy, Deutsch, Mulvaney & Carpenter*, attorneys; *Salvatore A. Giampiccolo* and *Lisbeth W. Cload*, of counsel).

*Karri Lueddeke* argued the cause for respondent (*Lueddeke Law Firm*, attorneys; *Ronald L. Lueddeke*, on letter in lieu of brief).

Judge STERN (temporarily assigned) delivered the opinion of the Court.

We granted certification to decide whether an order compelling arbitration as to one or more, but not all, claims and parties is final for purposes of appeal. The Law Division compelled arbitration of the claims between defendant third-party plaintiff Rosanna Pittella and third-party defendant Pine Belt Enterprises, Inc. ("Pine Belt"), but allowed the complaint of plaintiff General Motors Acceptance Corporation (GMAC) against Pittella to proceed.

When the litigation between GMAC and Pittella in the Law Division ended one year later, Pittella appealed the order compelling arbitration. The Appellate Division denied Pine Belt's motion to dismiss the appeal as untimely, and decided Pittella's appeal on its merits and in her favor. The Appellate Division considered the appeal timely because the matter did not result in a final judgment until it was resolved as to all claims and all parties. We now hold that any order compelling or denying arbitration shall be deemed final for purposes of appeal, but that the trial court shall retain jurisdiction to address other issues pending the appeal.

## I.

On February 27, 2003, Pittella entered into a "retail installment sale contract" with Pine Belt to finance the purchase of a car she bought at Pine Belt. Pittella simultaneously signed an arbitration agreement[1] entitled "Option to Arbitrate Disputes," which provided:

By applying for financing with us, and by purchasing or leasing a motor vehicle from us, you agree that if any dispute of any kind arises out of your financing, leasing or acquisition of the vehicle, or any of the documents related thereto, either you or we or third parties involved can choose to have that dispute resolved by binding arbitration as set forth in the arbitration provision below. If arbitration is chosen, it will be conducted pursuant to the Code of Procedure of the American Arbitration Association (the "AAA"). If you have any questions concerning the AAA or wish to obtain a copy of their rules and forms, you may call them at 732–560–9560.

IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, DISPUTE OR CONTROVERSY, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PRE–ARBITRATION DISCOVERY, EXCEPT AS PROVIDED IN THE ARBITRATION RULES. FURTHER, YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIMS SUBJECT TO ARBITRATION. THE ARBITRATOR'S DECISION WILL GENERALLY BE FINAL AND BINDING. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION. IT IS IMPORTANT THAT YOU

---

1 Pittella signed the agreements as Rosanna Smith, her name at the time.

READ THE ENTIRE ARBITRATION PROVISION CAREFULLY BEFORE
SIGNING THESE DOCUMENTS.

Unless inconsistent with applicable law, each party shall bear the expenses of
their respective attorneys', experts' and witness fees, regardless of which party
prevails in the arbitration. If any portion of this Arbitration Provision is deemed
invalid or unenforceable under the Federal Arbitration Act, 9 U.S.C. Sections 1–16
it should not invalidate the remaining portions of this arbitration provision.

Pine Belt assigned the contract to GMAC. On February 12,
2008, GMAC repossessed the car for non-payment and filed suit
against Pittella in the Special Civil Part for a deficiency balance of
$14,013.15.

On April 21, 2008, Pittella filed an answer, a counterclaim, and a
third-party complaint against Pine Belt. The third-party complaint
alleged violations of the New Jersey Consumer Fraud Act,
*N.J.S.A.* 56:8–1 to –184, and "breach of contract, fraud and breach
of implied covenant of good faith and fair dealing," including
unconscionability under Section 302 of the Uniform Commercial
Code, *N.J.S.A.* 12A:2–302. Pittella alleged that Pine Belt charged
an excessive price for the extended warranty on the car, and that
"the disclosures and representations regarding the cost of the
extended warranty [were] false, inaccurate or misleading" because
Pine Belt retained "a substantial percentage" of the $3,400 war-
ranty purchase price as profit for itself. Pittella also asserted
"class action allegations" against Pine Belt on behalf of a proposed
class of individuals who had purchased similar extended warranty
plans from Pine Belt during the previous six years. The action
was transferred to the Law Division. In lieu of filing an answer,
Pine Belt moved for summary judgment to compel arbitration and
to dismiss the putative class action.

On July 31, 2008, the trial court partially granted Pine Belt's
motion and entered an order compelling "binding arbitration" of
Pittella's individual claims against Pine Belt, but did not stay
GMAC's claims pending the arbitration. The court initially denied
the motion to dismiss Pittella's class action claim because it found
the class action waiver clause unenforceable. However, Pine Belt
moved for reconsideration and, on August 29, 2008, the Law

Division reversed itself, dismissing Pittella's class action claim "with prejudice."

Pittella and GMAC subsequently resolved their dispute in the pending litigation and, on March 5, 2009, executed a "stipulation of dismissal with prejudice." Within forty-five days thereafter, on April 14, 2009, Pittella filed a notice of appeal from the July 31, 2008 and August 29, 2008 orders. Pine Belt moved to dismiss the appeal "as untimely," arguing that Pittella was required to file her appeal within forty-five days of the respective orders. Although the entire motion is not in the record before us, there is no dispute that Pine Belt argued that the challenge to the order compelling arbitration had to have been filed within the required forty-five days from the date of the entry of the order appealed from, in September 2008. Pittella countered that the orders did not dispose of all issues as to all parties, and therefore were not final judgments appealable as of right.

The Appellate Division denied Pine Belt's motion to dismiss the appeal as untimely and, in its subsequent opinion on the plenary appeal, again rejected the timeliness claim because Pine Belt raised it "without any substantive argument as to why [the panel] should not treat [the] prior order denying [Pine Belt's] motion to dismiss the appeal as the law of the case." [2] Consequently, the Appellate Division addressed the merits of Pittella's appeal and reversed the orders compelling arbitration. As the decision of the Law Division dismissing the class action had been "predicated upon the arbitration of plaintiff's individual claims," and "[h]aving determined that plaintiff's individual claims were not subject to arbitration," the Appellate Division also reversed the dismissal of her putative class action.

[2] When the Appellate Division denies a motion to dismiss an appeal as interlocutory, the denial does not preclude either a challenge on the merits that the appeal should be dismissed, or the court, when appropriate, from dismissing the appeal as interlocutory. *Parker v. City of Trenton,* 382 *N.J.Super.* 454, 458, 889 *A.*2d 1079 (App.Div.2006).

We granted Pine Belt's petition for certification, *GMAC v. Pittella*, 203 *N.J.* 606, 5 *A.*3d 797 (2010), which raised only one issue for consideration:

> Whether orders compelling arbitration as to some, but not all parties, in a litigation are excepted from this Court's unconditional holding in *Wein v. Morris*, 194 *N.J.* 364 [944 *A.*2d 642] (2008) that *all* orders compelling arbitration are deemed final and immediately appealable as of right.

## II.

Pine Belt argues Pittella's appeal was not timely because all orders compelling arbitration are deemed final for appeal purposes under the express wording of *Rule* 2:2–3(a), including orders that do not dispose of all issues as to all parties. There is no dispute that the Rule was adopted under our Constitutional authority to promulgate rules governing "practice and procedure." *N.J. Const.* art. 6, § 2, ¶ 3.[3]

Pittella defends her appeal as timely because the 2008 orders did not dispose of the entire litigation and, thus, were not final as to all claims and all parties. She further asserts that *Wein* is not applicable because in *Wein* the trial court compelled arbitration between the only two parties in that litigation and, thus, the order compelling arbitration disposed of all the issues as to all parties before the trial court. She also contends that if the Court decides to alter the rule of finality to read that all orders compelling arbitration are final regardless of whether some parties, issues or claims remain for resolution, that rule should be given only "purely prospective" effect; that Pine Belt has suffered no prejudice in this matter because little more than a year has elapsed between the filing of GMAC's complaint and Pittella's appeal; and that Pittella did not waive her right to appeal by proceeding to arbitration with Pine Belt.

---

[3] Pine Belt did not argue that the matter was certifiable under *Rule* 4:42–2, and it was not so certified.

## III.

### A.

In *Wein v. Morris,* 388 *N.J.Super.* 640, 909 *A.*2d 1186 (App.Div. 2006), *aff'd in part and rev'd in part,* 194 *N.J.* 364, 944 *A.*2d 642 (2008), the Appellate Division dealt with two parties who entered into an agreement that contained an arbitration clause. *Id.* at 646–47, 909 *A.*2d 1186. Both parties moved for summary judgment, but the trial court, on its own motion, "entered an order that denied the summary judgment motions as moot, compelled the arbitration of the disputes, and dismissed the complaint and all counterclaims and cross-claims." *Id.* at 647–48, 909 *A.*2d 1186.

After the plaintiff prevailed in the arbitration and the Law Division confirmed the award, the defendant appealed and challenged the order to arbitrate, as well as the confirmation of the award. *Id.* at 649, 909 *A.*2d 1186. The plaintiff responded, in part, by arguing that appellate review of the order compelling arbitration was procedurally barred because it was "a final order" when entered and, thus, the defendant's appeal was untimely as beyond the forty-five day time limit provided by *Rule* 2:4–1(a). *Id.* at 651, 909 *A.*2d 1186.

The Appellate Division noted that, "at first blush, the . . . order appears to be a final order" because the trial court "dismissed the complaint, the counterclaim and all cross-claims, thereby ostensibly suggesting that all issues as to all parties had been adjudicated." *Id.* at 652, 909 *A.*2d 1186. However, the panel also noted that "the order also contains the judge's direction that the disputes be arbitrated and, undoubtedly, the judge and the parties anticipated further proceedings in the trial court upon the completion of arbitration such as the filing of motions seeking confirmation or vacation of the arbitrator's award." *Ibid.* The panel ultimately concluded that the order was not final because, "although the order may appear to be a final order, it did not finally dispose of all issues as to all parties because additional proceedings loomed in the future." *Ibid.*

The panel also rejected the plaintiff's argument that the order was final because the trial court "dismissed," rather than "stayed," the litigation pending arbitration because (1) the trial court was only "empowered" by the New Jersey Arbitration Act, *N.J.S.A.* 2A:24–1 to –11, to "stay" the proceedings, *N.J.S.A.* 2A:24–4,[4] and a "stay of an action pending arbitration does not constitute a final, appealable order because it inherently anticipates further proceedings prior to the ultimate entry of a final judgment;" and (2) the trial court could not, through an "inaccurate choice of wording . . . render appealable as of right an order compelling arbitration by dismissing [instead of staying] all pending claims in violation of *N.J.S.A.* 2A:24–4." *Wein, supra,* 388 *N.J.Super.* at 653–54, 909 *A.*2d 1186. The Appellate Division therefore held that the defendant's appeal was timely. It also reversed the order compelling arbitration, and remanded for further proceedings. *Id.* at 659, 662, 909 *A.*2d 1186.

On certification, we reversed that part of the Appellate Division opinion dealing with the finality of the order compelling arbitration, found "it appropriate to deem an order compelling arbitration a final judgment appealable as of right," and held that "whether the [trial] court in compelling arbitration dismisses the action as part of a final order or stays the matter, the order will be deemed final and appealable as of right." *Wein v. Morris,* 194 *N.J.* 364, 380, 944 *A.*2d 642 (2008). In so holding, we observed (1) that other jurisdictions are split on whether such orders are final, *see* David B. Harrison, Annotation, *Appealability of State Court's Order or Decree Compelling or Refusing to Compel Arbitration,* 6 *A.L.R.* 4th 652, § 3(a)-(b) (Supp.2007) (collecting cases), and (2) that the United States Supreme Court had "concluded that when the trial court orders 'the parties to proceed to arbitration' and

---

[4] The Appellate Division noted that, because of the relevant dates, *Wein* was governed by the New Jersey Arbitration Act, which "applie[d] to the matter at hand," notwithstanding its partial repeal by adoption of a modified version of the Uniform Arbitration Act of 2000, *N.J.S.A.* 2A:23B–1 to –32. *Id.* at 654, n. 5, 909 *A.*2d 1186. We agreed with that determination. *Wein v. Morris, supra,* 194 *N.J.* at 375, 944 *A.*2d 642.

dismisses 'all the claims before it, that decision is 'final' within the meaning of [the Federal Arbitration Act (FAA), 9 *U.S.C.A.* § 16(a)(3) ], and therefore appealable' " because § 16(a)(3) of the FAA " 'preserves immediate appeal of any final decision with respect to an arbitration, regardless of whether the decision is favorable or hostile to arbitration,' and that a 'final decision' is a 'decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.' " *Wein, supra,* 194 *N.J.* at 378–79, 944 *A.2d* 642 (citing *Green Tree Financial Corp. v. Randolph,* 531 *U.S.* 79, 86, 88–89, 121 *S.Ct.* 513, 519–21, 148 *L.Ed.2d* 373, 380–82 (2000)) (internal quotations omitted).

We "agree[d] with the reasoning of *Green Tree* " and held that, "once the trial court ordered the parties to proceed in arbitration and dismissed the complaint, that decision ended the litigation in the Superior Court" and was, therefore, final because "[t]here was nothing left for the trial court to decide between the parties," *id.* at 379, 944 *A.2d* 642, irrespective of whether the Law Division's order was called a "stay" or "dismissal." However, *Green Tree* stated that, "[h]ad the District Court entered a stay instead of a dismissal in this case, that order would not be appealable." *Green Tree, supra,* 531 *U.S.* at 87 n. 2, 121 *S.Ct.* at 520 n. 2, 148 *L.Ed.2d* at 381 n. 2 (citing 9 *U.S.C.A.* § 16(b)(1)). Although we agreed that orders that stayed actions pending arbitration were technically not final under the *Rules* as they then read, *Wein, supra,* 194 *N.J.* at 379, 944 *A.2d* 642, we held that such orders should nevertheless be deemed final for appeal purposes. Justice Wallace explained:

[T]here should be a uniform approach with respect to the right to appeal an order for arbitration. When the parties are ordered to arbitration, the right to appeal should not turn on whether a trial court decides to stay the action or decides to dismiss the action. Rather, the same result should apply in either case. In that way the parties will know with relative certainty that the order is appealable as of right.

[*Ibid.*]

Moreover, while *Green Tree* read the FAA as providing for appeals from "a final decision with respect to an arbitration that is subject to this title," 9 *U.S.C.A.* § 16(a)(3), to include trial court orders directing the parties to arbitration and dismissing all

claims before them, *Green Tree, supra,* 531 *U.S.* at 89, 121 *S.Ct.* at 521, 148 *L.Ed.*2d at 382, we did not read New Jersey's newly enacted version of the Revised Uniform Arbitration Act of 2000 ("Uniform Arbitration Act"), *N.J.S.A.* 2A:23B–1 to –32,[5] providing for appeals from "a final judgment entered pursuant to this act," *N.J.S.A.* 2A:23B–28(a)(6), to include orders "compelling arbitration and staying the judicial proceeding." [6] *Wein, supra,* 194 *N.J.* at 380, 944 *A.*2d 642. Nevertheless, "[t]o avoid further uncertainty in this area, and to provide a uniform procedure," we exercised our constitutional rulemaking authority to amend *Rule* 2:2–3(a), by adding "an order of the court compelling arbitration to the list of interlocutory orders that shall be deemed final judgments for appeal purposes." *Ibid.*

---

[5] As already noted, we agreed with the Appellate Division that the *Wein* case was governed by the Arbitration Act, but did not grapple with the language of the Arbitration Act because the Uniform Arbitration Act had partially repealed the Arbitration Act before *Wein* was decided. *Wein, supra,* 194 *N.J.* at 379–80, 944 *A.*2d 642. We concluded the order was final under the Arbitration Act based on the reasoning of *Green Tree. Id.* at 379, 944 *A.*2d 642.

[6] The Uniform Arbitration Act does not contain an express provision for an appeal from an order compelling arbitration and dismissing the judicial proceeding, but that may be because the Uniform Arbitration Act only provides for stays, rather than dismissals, of actions pending arbitration. *See N.J.S.A.* 2A:23B–7(g). Independent of post-arbitration proceedings, the Uniform Act only provides for appeals of "(1) an order *denying* a summary action to *compel* arbitration [and] (2) an order *granting* a summary action to *stay* arbitration." *N.J.S.A.* 2A:23B–28(a)(1)–(2) (emphasis added). In light of *Wein* and our disposition of this appeal adopting the legislative provision with regard to appeals from orders denying arbitration, we do not address the constitutional impact of such a provision in light of our rulemaking authority. *See N.J. Const.* art. VI, § 2, ¶ 3; *Busik v. Levine,* 63 *N.J.* 351, 361–68, 307 *A.*2d 571, *appeal dismissed,* 414 *U.S.* 1106, 94 *S.Ct.* 831, 38 *L.Ed.*2d 733 (1973); *George Siegler Co. v. Norton,* 8 *N.J.* 374, 381, 86 *A.*2d 8 (1952); *Winberry v. Salisbury,* 5 *N.J.* 240, 245, 74 *A.*2d 406, *cert. denied,* 340 *U.S.* 877, 71 *S.Ct.* 123, 95 *L.Ed.* 638 (1950). *See also Knight v. City of Margate,* 86 *N.J.* 374, 388–95, 431 *A.*2d 833 (1981); *New Jersey State Bar Ass'n v. State,* 382 *N.J.Super.* 284, 331–33, 888 *A.*2d 526 (Ch.Div.2005), *aff'd* 387 *N.J.Super.* 24, 902 *A.*2d 944 (App.Div.), *certif. denied,* 188 *N.J.* 491, 909 *A.*2d 726 (2006) (making clear that some statutes invading our rulemaking power can be read as compatible with, or accepted as a matter of, judicial policy).

## B.

*Rule* 2:2–3(a) governs the right to appeal to the Appellate Division from final judgments and also delineates various orders that, although interlocutory, are deemed final for purposes of taking an appeal as of right. The Civil Practice Committee drafted a recommended amendment to the Rule to implement *Wein,* and in July 2010, we adopted the amendment, which became effective on September 1, 2010. *See 2010 Report of the Supreme Court Civil Practice Committee,* Proposed Amendments to *R.* 2:2–3, at 22, 199 *N.J.L.J.* 729, 732 (2010). *But see Wein, supra,* 194 *N.J.* at 380, 944 *A.*2d 642 (amending *R.* 2:2–3 effective April 14, 2008, when *Wein* was decided). The Rule now reads, in relevant part, that "an order compelling arbitration, whether the action is dismissed or stayed, shall also be deemed a final judgment of the court for appeal purposes." *R.* 2:2–3(a).

As noted earlier, *Wein* involved an order that compelled arbitration of all issues and all parties. *Wein, supra,* 194 *N.J.* at 369–70, 944 *A.*2d 642. The same is not true of the order that compelled arbitration between defendant third-party plaintiff and third-party defendant in the present case. Here, more remained before the trial court than the mere return of the parties for finalization of the arbitrator's award: the trial court still had to decide GMAC's deficiency claim against Pittella.[7] Therefore, the July 31, 2008 order—although final, under *Wein,* as between Pittella and Pine Belt—was not final as to all issues and all parties. It, thus, is distinguishable from *Wein* (and *Green Tree* ) because it presents a markedly different fact pattern. That difference requires us to again consider basic principles regarding finality.

■■ This case is governed by the Uniform Arbitration Act because the agreements were executed after January 1, 2003. *See*

---

[7] The trial court dismissed Pittella's claims against Pine Belt, although the Uniform Arbitration Act, *N.J.S.A.* 2A:23B–7(g), would only enable the trial court to "stay" the claims. However, it may limit the stay to the arbitrable claim if the claims are severable. *Ibid. See N.J.S.A.* 2A:23B–7(e), (f), (g).

*N.J.S.A.* 2A:23B–3 (describing when Act applies). The Act directs that, "[i]n applying and construing this uniform act, consideration shall be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it." *N.J.S.A.* 2A:23B–29. To date, twelve states, including New Jersey, and the District of Columbia have adopted some version of the Revised Uniform Arbitration Act of 2000.[8] However, while two states, like New Jersey, have held orders compelling arbitration final for appeal purposes if they effectively end the trial court's role in the litigation,[9] others have held they are not final for appeal purposes,[10] and still others do not appear to have yet addressed the

---

[8] *See Utah Code Ann.* § 78B–11–101 (2011) (historical note). *See also Alaska Stat.* §§ 09.43.300 to 09.43.595 (2004); *Colo.Rev.Stat.* §§ 13–22–201 to –230 (2004); *D.C.Code* §§ 16–4401 to –4432 (2008); *Haw.Rev.Stat.* §§ 658A–1 to –29 (2002); *Nev.Rev.Stat.* §§ 38.206 to 38.248 (2001); *N.J.S.A.* 2A:23B–1 to –32 (2003); *N.M. Stat. Ann.* §§ 44–7A–1 to –32 (2001); *N.C. Gen.Stat.* §§ 1–569.1 to –569.31 (2004); *N.D. Cent.Code* §§ 32–29.3–01 to –29 (2003); *Okla. Stat.* tit. 12, §§ 1851 to 1881 (2006); *Or.Rev.Stat.* §§ 36.600 to 36.740 (2004); *Utah Code Ann.* §§ 78B–11–101 to –131 (2003); *Wash. Rev.Code* §§ 7.04A.010 to 7.04A.903 (2006). The District of Columbia has modified its analogue to New Jersey's Section 28(a)(1) to provide that "[a]n appeal may be taken from: (1) An order denying *or granting* a motion to compel arbitration." *D.C.Code* § 16–4427(a)(1) (emphasis added). *But see Stuart v. Walker,* 6 A.3d 1215 (D.C.Ct.App.2010) (court lacked jurisdiction to review interlocutory orders).

[9] *Sisneros v. Citadel Broad. Co.,* 140 *N.M.* 266, 142 *P.3d* 34, 38 (App.2006) (order compelling arbitration deemed final because it divested court of further power to "address any of the issues of law or fact presented by the case"); *Wein, supra,* 194 *N.J.* at 379–81, 944 A.2d 642 (order compelling arbitration deemed final if nothing left for trial court to do but finalize arbitrator's award); *Okla. Oncology & Hematology P.C. v. U.S. Oncology, Inc.,* 160 *P.3d* 936, 943 (Okla. 2007) (order sending "all claims raised by Plaintiff" to arbitration deemed final for appeal purposes because it "reached the whole controversy and left nothing pending before the district court").

[10] *Winter Park Real Estate & Invs., Inc. v. Anderson,* 160 *P.3d* 399, 402 (Colo.Ct.App.2007) (noting that order compelling arbitration is not final for appeal purposes, but hearing appeal of such an order under *Colo.Rev.Stat.* § 13–22–228(1)(a) because order "effectively denied plaintiffs' request to arbitrate pursuant to the terms of the contract" and, thus, denied motion to compel arbitration); *State ex rel. Masto v. Second Judicial Dist. Court of State,* 125 *Nev.* 5, 199 *P.3d* 828, 832 (2009) (order compelling arbitration not appealable but

issue. Given the Uniform Act's purpose to promote expeditious arbitration [11] and its express provision permitting appeals when arbitration is denied or stayed, we conclude that all orders denying and granting arbitration should be treated as final for purposes of appeal. That said, we acknowledge that resolution of that issue is not easy as there is undeniable merit on both sides of the question.

At present, appellate courts should, and do, review interlocutory orders when a litigant shows a meritorious basis for so doing. *See R. 2:2–2; R. 2:2–4; R. 2:5–6(a); R. 2:8–1.* Moreover, *Rule 2:2–3(a)* invokes public policy considerations warranting review of interlocutory orders without the need for leave granted, to avoid "situations in which a party will be substantially prejudiced if an immediate appeal is not allowed." *Moon v. Warren Haven Nursing Home,* 182 *N.J.* 507, 517, 867 *A.2d* 1174 (2005). Those same considerations animated our decision in *Wein,* which amended

Supreme Court exercised its power to issue writ of mandamus); *Bullard v. Tall House Bldg. Co.,* 196 *N.C.App.* 627, 676 *S.E.2d* 96, 102–04 (2009) (noting absence of "order granting motion to compel arbitration" from list of "possible routes for appeal" provided in *N.C. Gen.Stat.* § 1–569.28(a)); *Snider v. Prod. Chem. Mfg.,* 348 *Or.* 257, 230 *P.3d* 1, 6 (2010) (*Or.Rev.Stat.* § 36.730 "does not authorize an appeal from an interlocutory order granting a petition to compel arbitration," but no appeal from final judgment where appellant did not timely appeal interlocutory order denying arbitration); *Teufel Constr. Co. v. Am. Arbitration Ass'n,* 3 *Wash.App.* 24, 472 *P.2d* 572, 573 (1970) (under 1956 Uniform Act; "an order compelling arbitration is not final and therefore is not appealable.").

[11] *See Sponsor's Statement to Senate Bill No. 514, L.* 2003, *c.* 95, at 17 (Jan. 8, 2002) ("The primary purpose of the bill is to advance arbitration as a desirable alternative to litigation and to clarify arbitration procedures in light of the developments of the law in this area"); *Governor's Conditional Veto Message: L.* 2003, *c.* 95, at 1–2 ("The bill provides various mechanisms that are designed to expedite arbitration procedure. For example, under this bill, a party will be permitted to apply for summary judicial relief in order to compel arbitration instead of being required to pursue a jury trial on this specific issue. . . . This bill will promote arbitration as an effective, expedient, and fair resolution of disputes in a non-judicial forum and significantly reduce the burdens on the judicial system by clarifying undefined aspects of arbitration law and raising the standard of conduct in arbitration," but conditionally vetoing S 514 on other grounds).

*Rule* 2:2–3(a) to include orders that compel arbitration. It did so because interlocutory review, when appropriate, assists in the speedy resolution of disputes and would expeditiously decide, with finality, whether a dispute is arbitrable, to be decided outside the court system. *See Wein, supra,* 194 *N.J.* at 380, 944 *A.2d* 642. A reference to arbitration, unlike most interlocutory orders, terminates the role of the court altogether. The policy behind *Wein* applies irrespective of whether other claims or parties remain in the trial court, and—as already noted—the Uniform Act expressly permits appeals from orders denying arbitration.

We, therefore, now hold that *Rule* 2:2–3(a) be further amended to permit appeals as of right from all orders permitting or denying arbitration. Because the order shall be deemed final, a timely appeal on the issue must be taken then or not at all. A party cannot await the results of the arbitration and gamble on the results.

Our holding, however, cannot be made in a vacuum. We further order that the *Rules* and administrative practice within the Appellate Division also be amended to require the expeditious processing of these appeals similar to those on discretionary interlocutory review.[12] Further, *Rule* 2:9–1(a) is hereby amended to permit the trial court to retain jurisdiction to address issues relating to the claims and parties that remain in that court, such as other motions to compel arbitration, to stay proceedings, or to sever claims and parties. *See N.J.S.A.* 2A:23B–7. While we encourage parties to immediately file motions which relate to an

---

[12] Interlocutory review permits even faster review than an appeal from a final judgment. If leave to appeal is granted, the matter is given "a preference" (*R.* 2:11–1(a)) and expedited because it is interlocutory and decided with priority as the case is pending in the trial court. *See R.* 2:5–6; *R.* 2:11–1(a); *R.* 2:11–2. In the usual circumstances, it is decided much faster than a traditional appeal filed at some time within forty-five days from the judgment and, absent some motion, generally not reviewed by the Appellate Division before being fully briefed. *See R.* 2:4–1(a); *R.* 2:4–4(a). *See also* Pressler & Verniero, *Current N.J. Court Rules* (2011), comment 1 to *R.* 2:5–6 ("All appeals on leave to appeal are to be expedited.").

application to compel arbitration, so that all related proceedings can be reviewed on appeal, or by motion for leave to appeal filed with respect to the other orders, we leave a residuum of jurisdiction in the trial court when other claims and parties remain. *See generally, R.* 2:2–3(a); *R.* 2:4–1(a); *R.* 2:5–6; Pressler & Verniero, *Current N.J. Court Rules* (Gann 2011), comments to *R.* 2:2–3; *R.* 2:4–1; *R.* 2:5–6.

We refer the matter to the Civil Practice Committee to again revisit *Rule* 2:2–3(a) and consider amendments to *Rule* 2:9–1 and other rules to implement this decision.[13]

## IV.

■■ Because it addressed less than all issues as to all parties, it was not clear that the order compelling arbitration of Pittella's claims against Pine Belt was final under *Rule* 2:2–3(a) and *Wein.* That question and its resolution are now crystal clear: orders compelling or denying arbitration are deemed final and appealable as of right as of the date entered. Based on the prior lack of clarity, we affirm that portion of the Appellate Division decision denying the motion to dismiss the appeal from the final judgment.[14] We do so with the following warning: as of today, litigants and lawyers in New Jersey are on notice that *all* orders compelling and denying arbitration shall be deemed final for purposes of appeal, regardless of whether such orders dispose of all issues and all parties, and the time for appeal therefrom starts from the date of the entry of that order.[15]

---

[13] The Committee should note that New Jersey's arbitration statutes provide for judicial relief only in the form of summary actions, *see N.J.S.A.* 2A:24–3; *N.J.S.A.* 2A:23A–4(b); *N.J.S.A.* 2A:23B–5, –7; *see also R.* 4:67–1 to –6 (summary actions).

[14] We apply today's determination prospectively so that no appeal should be dismissed because an order was improperly considered to be interlocutory.

[15] Because the other issues addressed in the Appellate Division decision are not before us, we express no view in respect of them.

As modified, the judgment of the Appellate Division is affirmed.

*For affirmance as modification*—Chief Justice RABNER, and Justices LONG, LaVECCHIA, ALBIN, RIVERA–SOTO, HOENS, and STERN (temporarily assigned)—7.

*Opposed*—None.

