NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2466-15T2

THE OCEAN COUNTY UTILITIES
AUTHORITY,

 Plaintiff-Respondent,

v.

UNITED STEEL, PAPER AND
FORESTRY, RUBBER,
MANUFACTURING, ENERGY,
ALLIED-INDUSTRIAL, AND
SERVICE WORKERS INTERNATIONAL
UNION AFL-CIO Local 1-149, a/k/a
UNITED STEEL WORKERS, Local
4-149, and PAUL GUDZAK,

 Defendants-Appellants.
___________________________________

 Argued May 17, 2017 – Decided July 12, 2017

 Before Judges Alvarez, Accurso and Lisa.

 On appeal from Superior Court of New Jersey,
 Chancery Division, General Equity Part, Ocean
 County, Docket No. C-0006-14.

 David Tykulsker argued the cause for
 appellants (David Tykulsker & Associates,
 attorneys; Mr. Tykulsker, on the briefs).
 Richard S. Haines argued the cause for
 respondent (Haines & Yost, attorneys; Jerome
 C. Landers, on the brief).

PER CURIAM

 On October 16, 2009, the Ocean County Utilities Authority

(Authority) fired one of its employees, Paul Gudzak, who was

represented by United Steel Workers Local 4-149 (Union) as his

collective bargaining representative. The Union filed a

grievance, which did not result in resolution of the dispute, and

the parties filed for arbitration with the State Board of

Mediation, which was provided for in the Collective Bargaining

Agreement (CBA). The arbitration resulted in an award reversing

the Authority's action and reinstating Gudzak with back pay, after

serving a thirty-day suspension.

 On January 9, 2014,1 the Authority filed a Chancery Division

action seeking to vacate the arbitrator's award as untimely under

the CBA, and thus void. This was because the CBA required that

the award be rendered within thirty days of closing the hearing,

and the arbitrator did not issue the award for approximately six

1
 This long delay resulted in substantial part from an action
the Authority filed challenging the timeliness of the filing of
the arbitration. After an adverse trial court determination, the
Authority appealed. We affirmed, Ocean Cty. Utils. Auth. v. United
Steel, Paper & Forrestry [sic], Rubber, Mfg., No. A-5794-10 (App.
Div. June 25, 2012), thus returning the matter for arbitration on
the merits.

 2 A-2466-15T2
months after the hearing was concluded. On cross-motions for

summary judgment, the court agreed with the Authority, and on

February 28, 2014, issued an order vacating the award as untimely

and remanding the matter to the State Board of Mediation for a new

arbitration before a different arbitrator.

 For reasons that are not entirely clear from the record, and

which are not dispositive, a long period of inactivity ensued.

Although the February 28, 2014 order was sent to the State Board

of Mediation, no new arbitrator was appointed, no hearing was

held, and no action occurred. On June 30, 2015, the Authority

moved to dismiss the new arbitration for failure to prosecute.

The court denied this motion on September 18, 2015, and again

ordered that the matter proceed to arbitration.

 The Union then filed a motion seeking reconsideration of the

February 28, 2014 order that had vacated its winning arbitration

award on grounds that the court's decision had been palpably

incorrect for automatically vacating the award because it was

issued beyond the thirty-day limit. The Union contended that the

February 28, 2014 order was interlocutory in nature and therefore

could be reconsidered at any time in the court's discretion.

 The court rejected the Union's argument that the February 28,

2014 order was interlocutory. The court held that, under Rule

2:2-3(a), an order compelling arbitration is deemed final, as a

 3 A-2466-15T2
result of which a reconsideration motion had to be filed within

twenty days pursuant to Rule 4:49-2, the time limit for which is

non-relaxable pursuant to Rule 1:3-4(c). The court therefore

entered an order on January 8, 2016 denying the reconsideration

motion. The effect of this order was to leave in effect the

February 28, 2014 order compelling re-arbitration of the dispute.

 The Union appeals denial of the reconsideration motion. It

argues (1) that in ordering re-arbitration because the thirty-day

deadline was not met, the court's February 28, 2014 decision was

based on plainly incorrect reasoning and misapplication of the

controlling legal principles; and (2) that in denying its motion

for reconsideration filed twenty-one months later, the court

wrongly concluded that the February 28, 2014 order was a final

order and acted arbitrarily when it failed to reconsider the

palpably incorrect order compelling re-arbitration.

 We reject the Union's second argument. We agree with the

trial court that the February 28, 2014 order was a final order,

not subject to reconsideration by the trial court unless a motion

was filed within twenty days. We therefore conclude that the

reconsideration motion was properly denied as untimely. Because

of this conclusion, we need not consider the substantive issues

raised in defendant's first argument. We therefore affirm the

January 8, 2016 order.

 4 A-2466-15T2
 The sole issue before us is whether an order compelling

arbitration (in this case re-arbitration after the initial award

was vacated by the court) is a final order. Rule 2:2-3(a) provides

that "any order either compelling arbitration, whether the action

is dismissed or stayed, or denying arbitration shall also be deemed

a final judgment of the court for appeal purposes." The Union

argues that an order compelling arbitration is, by its nature,

interlocutory. The Union contends that the dispute in such a case

has obviously not been resolved at the time of the order compelling

arbitration, and the parties can and often do return to court

seeking relief, such as an order enforcing an arbitration award

or an order vacating it. Indeed, that was done in this case after

the initial award was rendered. The Union argues that the

qualifying language, "for appeal purposes," bolsters its argument

by reflecting that such orders are not actually final, but only

treated as such to allow an appeal without requiring leave to

appeal from an interlocutory order. See Rule 2:2-4.

 By the Union's reasoning, when an order compelling

arbitration is entered, the party who had resisted arbitration

would have several choices. It could file a timely appeal within

forty-five days in the Appellate Division pursuant to Rule 2:2-

3(a). It could file a timely reconsideration motion within twenty

days pursuant to Rule 4:49-2. It could go through with the

 5 A-2466-15T2
arbitration proceeding and, if the award is unfavorable and the

trial court denies its motion to vacate the award, it could then

file a plenary appeal. It would then argue in the Appellate

Division that the order compelling arbitration was substantively

infirm and should be reversed, the result of which would be to

render the arbitration award void for lack of jurisdiction. Or,

as occurred in this case, it could wait much longer than the

twenty-day non-relaxable time limit for reconsideration of final

judgments or orders and file a motion to reconsider an

"interlocutory" order. Under this option, the court would have

the authority to decide the motion because interlocutory orders

"may be reconsidered and revised 'at any time before the entry of

a final judgment in the sound discretion of the court in the

interest of justice.'" Bender v. Walgreen E. Co., 399 N.J. Super.

584, 593 (App. Div. 2008) (quoting R. 4:42-2).

 We reject this reasoning. A review of the cases in which our

Supreme Court implemented the provision in Rule 2:2-3(a) with

respect to orders compelling arbitration reveals an opposite

intent and purpose. This specific issue first came before the

Court in 2008, in Wein v. Morris, 194 N.J. 364 (2008). The Court

held that upon the issuance of an order compelling arbitration and

dismissing the complaint, "that decision ended the litigation in

the Superior Court." Id. at 379. Therefore, "[t]here was nothing

 6 A-2466-15T2
left for the trial court to decide between the parties," as a

result of which "the order of the trial court was a final judgment

subject to an immediate appeal." Ibid.

 The Court went on to state that

 there should be a uniform approach with
 respect to the right to appeal an order for
 arbitration. When the parties are ordered to
 arbitration, the right to appeal should not
 turn on whether a trial court decides to stay
 the action or decides to dismiss the action.
 Rather, the same result should apply in either
 case.

 [Ibid.]

 This uniform procedure would "provide uniformity, promote

judicial economy, and assist the speedy resolution of disputes."

Id. at 380. The Court therefore invoked its rulemaking authority

and directed the amendment of Rule 2:2-3(a) "to add an order of

the court compelling arbitration to the list of orders that shall

be deemed final judgments for appeal purposes." Ibid.

 The Rule and its application were further refined three years

later in GMAC v. Pittella, 205 N.J. 572 (2011). In that case, the

trial court entered orders compelling arbitration between some,

but not all of the parties, allowing the claim against the party

for which arbitration was not ordered to proceed in court. Id.

at 574. When the litigation in court concluded one year later,

an appeal was taken from the orders compelling arbitration. Id.

 7 A-2466-15T2
at 575. This court rejected the argument that the appeal was

untimely, addressed the merits of the appeal, and reversed the

orders compelling arbitration. Id. at 577.

 Because the split order entered in Pittella was not

contemplated in Wein, the Supreme Court determined that the

"difference requires us to again consider basic principles

regarding finality." Id. at 583. It concluded:

 A reference to arbitration, unlike most
 interlocutory orders, terminates the role of
 the court altogether. The policy behind Wein
 applies irrespective of whether other claims
 or parties remain in the trial court, and—as
 already noted—the Uniform Act expressly
 permits appeals from orders denying
 arbitration.

 We, therefore, now hold that Rule 2:2-
 3(a) be further amended to permit appeals as
 of right from all orders permitting or denying
 arbitration. Because the order shall be
 deemed final, a timely appeal on the issue
 must be taken then or not at all. A party
 cannot await the results of the arbitration
 and gamble on the results.

 [Id. at 586 (emphasis added).]

 Again referring to policies of uniformity and expedition in

resolving disputes in cases in which arbitration is an issue, the

Court also directed the amendment of Rule 2:11-1(a), to

automatically confer expedited status in the Appellate Division

to appeals of orders compelling or denying arbitration, in the

 8 A-2466-15T2
same manner as with appeals by leave granted from interlocutory

orders. Id. at 586 n.12.

 The Court concluded that the novel question before it, which

had not been addressed in Wein, "and its resolution are now crystal

clear: orders compelling or denying arbitration are deemed final

and appealable as of right as of the date entered." Id. at 587.

Therefore, the Court warned that

 as of today, litigants and lawyers in New
 Jersey are on notice that all orders
 compelling and denying arbitration shall be
 deemed final for purposes of appeal,
 regardless of whether such orders dispose of
 all issues and all parties, and the time for
 appeal therefrom starts from the date of the
 entry of that order.

 [Ibid.]

 The trial court applied these principles correctly in this

case. The reconsideration motion was from a final order and was

grossly out of time. That reconsideration motion was therefore

properly denied. As we have stated, because of our determination

on the timeliness issue, we do not reach the substantive issues

the Union raised in its reconsideration motion.

 Accordingly, the February 28, 2014 order compelling

arbitration remains in effect, and the parties will take the

necessary steps to arrange for the appointment of an arbitrator

 9 A-2466-15T2
and proceed as expeditiously as possible with the re-arbitration

of this dispute.

 Affirmed.

 10 A-2466-15T2