J-S74003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA
                                    :
         v.                            :
                                    :
                                    :
KEVIN SILAS                      :
                                    :
          Appellant        :     No. 1162 EDA 2017

Appeal from the PCRA Order March 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0624121-1981

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY BOWES, J.:             **FILED JANUARY 22, 2018**

Kevin Silas appeals *pro se* from the March 8, 2017 order dismissing his seventh PCRA petition as untimely.  We affirm.

On March 9, 1982, a jury convicted Appellant of murder in the second degree, conspiracy, and robbery.  The facts giving rise to the convictions were summarized by a prior panel of this Court.

> Appellant planned a robbery and his two co-conspirators carried it out.  On November 14, 1980, the 93 year-old victim was robbed and beaten; she subsequently died as a result of the beating. After the robbery, the co-conspirators fled to Appellant's home.  At that time, Appellant was eighteen years and seventeen days old.

*Commonwealth v. Silas*, 120 A.3d 392 (Pa.Super. 2015) (unpublished memorandum).  On November 1, 1982, he was sentenced to a term of life imprisonment.  This Court affirmed judgment of sentence on June 14, 1988, and he did not seek allowance of appeal.  *Commonwealth v. Silas*, 547

A.2d 440 (Pa.Super. 1988) (table).  Thus, Appellant's judgment of sentence became final on or about July 14, 1988.

Appellant timely filed his first PCRA petition on July 6, 1989, which was dismissed.  His five subsequent PCRA petitions were dismissed.  Appellant, acting *pro se*, filed this, his seventh PCRA petition, on March 18, 2016.  He alleged that he received a sentence in excess of the lawful maximum and sought correction of his sentence.  He contended that, although he was over eighteen years of age when he committed the crimes for which he received a mandatory life sentence, the prohibition in *Miller v. Alabama*, 567 U.S. 460 (2012) against such a sentence for those under the age of eighteen, should apply to him.

Appellant acknowledged that his PCRA petition was filed more than one year after his judgment of sentence became final.  He alleged, however, that his petition was filed within sixty days of newly-discovered facts and a new constitutional right held to be retroactive in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

On May 16, 2017, the PCRA court served Rule 907 notice of its intent to dismiss the petition on timeliness grounds.  Appellant filed a response on June 1, 2016, and a supplemental response on August 24, 2016, in which he asserted new arguments in support of the timeliness of his petition.  On March 8, 2017, after finding that Appellant failed to prove any of the statutory exceptions to the PCRA's jurisdictional time-bar, the court

dismissed the petition. Appellant timely appealed, and presents two questions for our review.

1. Did the PCRA court err in denying the instant petition as untimely filed when the new fact was filed within 60 days of its discovery, denying Appellant equal protection and due process of law, as the new scientific brain facts altered the entire case and was a change in law and facts for the exception to the timebar: 42 Pa.C.S.A. §9545(b)(1) (ii-iii), (2), and a new trial or hearing is required in the interest of justice?

2. Did the PCRA court err in denying the instant petition as untimely filed when the new fact was filed within 60 days of its discovery, denying Appellant due process of law, as the new facts and change in guilty plea offer qualifies under 42 Pa.C.S.A. §9545(b)(1)(ii-iii), (2), and a remand for Appellant to be discharged with time served, an evidentiary hearing is required in the interest of justice?

Appellant's brief at v (unnecessary capitalization omitted).

A PCRA petition must be filed within one year of the date when the underlying judgment became final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final either at the conclusion of direct review or at the expiration of the time for seeking review. *Id*. at § 9545(b)(3). The timeliness of the petition is jurisdictional. *Commonwealth v. Williams*, 105 A.3d 1234, 1239 (Pa. 2014) (reaffirming that PCRA's time restrictions are jurisdictional in nature).

Appellant's judgment of sentence became final on July 14, 1988, thirty days after this Court affirmed judgment of sentence since he did not seek allowance of appeal from our Supreme Court. The instant petition, filed twenty-seven years later, is facially untimely, and Appellant concedes that

- 3 -

fact. Nonetheless, Appellant contends that he pled and proved exceptions to the statutory time bar. Those exceptions are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). In addition, the petitioner invoking an exception must file a petition asserting it within sixty days of the date the claim could have been presented. *Id*. at § 9545(b)(2).

Appellant alleged that the facts upon which his claim was predicated were unknown to him and could not have been ascertained with the exercise of reasonable diligence. He claimed to have recently learned of a Pennsylvania sentencing statute, 18 P.S. §1102.1(c), which treated individuals like himself who were eighteen years of age at the time of the commission of the offense, as juveniles. In conjunction with that argument, Appellant maintained that he filed the instant petition within sixty days of the Supreme Court's January 25, 2016 decision in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), which held the new constitutional right

involving the sentencing of juveniles announced in *Miller*, *supra*, to be retroactive.

The PCRA court found that Appellant's reliance upon 18 Pa.C.S. §1102.1(a), (c), was misplaced as that statute was enacted to address individuals who were under the age of eighteen when they committed murder, and who were convicted of that offense after June 24, 2012. Appellant did not meet either criterion. The court also found that Appellant could not rely upon *Montgomery*, which held *Miller* to be retroactive, to avoid the time bar as Appellant did not plead or prove that he was under the age of eighteen when he committed the murder. Finally, the court also rejected Appellant's claim that the science of adolescent brain development was a newly-discovered fact, noting that *Miller* was published in 2013, and that the instant petition was filed long after the sixty-day deadline.[1] The PCRA court dismissed the petition as untimely, after concluding that none of the timeliness exceptions applied and that it lacked jurisdiction to entertain the petition.

In reviewing an order denying post-conviction relief, we examine "whether the trial court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Robinson*, 139

---

[1] The PCRA court noted that the brain science alleged to be newly-discovered was discussed in *Roper v. Simmons*, 125 S.Ct. 1183, 1195 (2005).

A.3d 178, 185 (Pa. 2016). It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013). Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. ***Id***.

In his petition, Appellant averred that, despite his due diligence, he only acquired knowledge of the Pennsylvania statute providing that second-degree murder no longer carried a sentence of life without parole for defendants eighteen years old at the time of the offense on January 18, 2016, when he learned of the statute from the Phillips Black Project. He then filed the instant petition within sixty days. Based on Pennsylvania law, Appellant contends that he is a "juvenile" entitled to the benefit of ***Miller***.

Appellant's timeliness argument rises and falls on his contention that his status as a constructive juvenile is a newly-discovered fact. Accepting that premise, he alleges that he is entitled to relief as a juvenile under ***Miller***, made retroactive in ***Montgomery***.

We note first that the sentencing statute upon which Appellant relies does not treat eighteen year olds as juveniles. Title 18 Pa.C.S. § 1102.1 provides in pertinent part:

> (c) Second degree murder. — A person who has been **convicted, after June 24, 2012**, of a murder of the second degree, second degree murder of an unborn child or of murder of a law enforcement officer of the second degree **and who was under the age of 18 at the time of the commission of the offense** shall be sentenced as follows:

- 6 -

18 Pa.C.S. § 1102.1 (emphasis added). Appellant was convicted prior to June 24, 2012, and he was not under the age of eighteen at the time he committed the murder. Thus, the statute does not treat eighteen year olds as juveniles, and Appellant's newly-discovered fact is not a fact.

Nor can Appellant rely upon *Miller*, held to be retroactive in *Montgomery*, as it applied only to individuals who were under the age of eighteen when they committed first-degree murder, and who were sentenced to a mandatory term of life imprisonment without possibility of parole. While Appellant could have sought PCRA relief in a petition premised upon an extension of *Miller* to individuals over the age of eighteen within sixty days of that decision, even a timely effort would have failed *See Commonwealth v. Furgess*, 149 A.3d 90 (Pa.Super. 2016) (petitioners who were older than eighteen when they committed murder "may not rely upon [*Miller*] to bring themselves within the time-bar exception in Section 9545(b)(1)(iii))."

In his response to the Rule 907 petition, Appellant offered two new arguments in support of the timeliness of his petition. First, he alleged that science involving brain development constituted a newly-discovered fact for purposes of the § 9545(b)(1)(ii) timeliness exception, that the information became available on January 25, 2016, and that it applied retroactively

pursuant to **Montgomery**, **supra**.[2] He contends that the newly-discovered scientific facts regarding brain development that were discussed in **Miller**, **Graham v. Florida**, 560 U.S. 48 (2010), and **Roper v. Simmons**, 543 U.S. 551 (2005), rendered it impossible for him to have conspired with his two juvenile cohorts, and therefore, he was statutorily innocent. In addition, he maintains that the statements of his juvenile cohorts must be deemed involuntary and unlawfully obtained since their brains were underdeveloped at the time.

The Commonwealth counters that Appellant waived this alternative timeliness argument since he did not invoke it in his original PCRA petition as required under 42 Pa.C.S. § 9545(b)(1), or seek leave to amend his petition to assert them. **Commonwealth v. Derrickson**, 923 A.2d 466, 468-69 (Pa.Super. 2007). Furthermore, while the Supreme Court decisions relied upon by Appellant recognized new constitutional rights for juveniles regarding sentencing, none of these decisions implicated a juvenile's ability to conspire or voluntarily waive his rights. Finally, the Commonwealth points out that Appellant did not file the instant petition within sixty days of

---

[2] Appellant mischaracterizes the holding in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), as announcing that the "'New Scientific Brain Facts' from Miller, Graham and Roper applied retroactively to all juvenile defendants in the United States." Appellant's brief at 7. **Montgomery** held retroactive the Supreme Court's earlier holding in **Miller**, "that mandatory life without parole for those **under the age of 18** at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller v. Alabama**, 567 U.S. 460, 465 (2012) (emphasis added).

the date such a claim could have been presented, *i.e.*, within sixty days of the decisions in **Miller**, **Graham** and **Roper**, as required for newly-discovered facts. Nor did he plead and prove that he could not obtain the information earlier with the exercise of due diligence. **Commonwealth v. Albrecht**, 994 A.2d 1091 (Pa. 2010). The Commonwealth directs our attention to Appellant's sixth PCRA petition, filed in 2010, in which he relied upon **Graham**, as proof that he knew of the brain science years before he filed the instant petition. **See Commonwealth v. Silas**, 120 A.3d 392 (Pa.Super. 2015) (unpublished memorandum).

While **Derrickson** may provide some support for the Commonwealth's waiver argument, it would seem that Appellant's response to the Rule 907 notice achieved the desired purpose. **Cf**. **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009) (a petitioner alleging PCRA counsel ineffectiveness can preserve the issue by including that claim in his Rule 907 response or raising the issue while the PCRA court retains jurisdiction); **accord Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012). We will assume *arguendo* that the issue was validly raised.

We note that Appellant has conflated the second and third exceptions to the time bar. A newly-discovered fact is not a constitutional right. A petitioner relying upon a newly-discovered fact to avoid the time bar must allege and prove that there were "'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due

diligence." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270-1272 (Pa. 2007).

Appellant's claim that he only learned of the scientific facts regarding brain development when he attended a program discussing it in January 2016, is not borne out by the record. He alleged in his 2010 PCRA petition that his sentence of life imprisonment without parole was illegal under ***Graham v. Florida***, 560 U.S. 48 (2010) and the Eighth Amendment, and that he learned of that decision on June 28, 2010. In ***Graham***, the Supreme Court held that life sentences without parole for juvenile offenders convicted of a non-homicide crime were unconstitutional under the Eighth Amendment. In arriving at the conclusion, the Court favorably cited ***Roper***, ***supra***, and its earlier finding that juveniles have lessened culpability due to a "lack of maturity and an underdeveloped sense of responsibility." The ***Graham*** Court acknowledged developments in psychology and brain science that showed fundamental differences between juvenile and adult minds, and the fact that the portions of the brain involved in behavior control continue to mature through late adolescence. ***Id***. at 68-69. To the extent that Appellant is suggesting that ***Miller*** recognized a new constitutional right that implicates a juvenile's ability to conspire or voluntarily waive his rights due to his developing brain, we reject that argument.

Finally, Appellant argues that he is entitled to relief under ***Lafler v. Cooper***, 566 U.S. 156 (2012), because trial counsel was ineffective in the advice he gave regarding a plea offer. He contends that ***Montgomery***

made *Lafler* retroactive, and that the instant petition filed within sixty days of *Montgomery* falls within the third timeliness exception.

Appellant cannot evade the time bar merely by alleging ineffective assistance of counsel. Furthermore, since *Lafler* did not recognize a new constitutional right, the third timeliness exception is inapplicable. Moreover, *Montgomery* held retroactive the new constitutional right adopted in *Miller*.

After consideration of Appellant's arguments, we find that the trial court correctly dismissed his petition as untimely filed. Accordingly, for the reasons set forth herein, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/18