**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5325-17T2

ROSA M. WILLIAMS-HOPKINS,
on behalf of herself and those
similarly situated,

     Plaintiff-Appellant,

v.

LVNV FUNDING, LLC,

     Defendant-Respondent.

_____

Argued March 27, 2019 – Decided  April 26, 2019

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6190-17.

Scott C. Borison (Legg Law Firm, LLP), of the District of Columbia, Maryland, and California bars, admitted pro hac vice, argued the cause for appellant (Kim Law Firm, LLC, and Scott C. Borison, attorneys; Yongmoon Kim and Scott Borison, of counsel and on the briefs).

Michael A. Iannucci argued the cause for respondent (Blank Rome, LLP, attorneys; Michael A. Iannucci, on the brief).

PER CURIAM

Plaintiff Rosa M. Williams-Hopkins appeals from a June 8, 2018 order compelling arbitration and dismissing her complaint with prejudice. We affirm the order compelling arbitration. However, we remand to the trial court to issue an amended order staying the case pending arbitration or, in the alternative, dismissing the complaint without prejudice.

The facts are set forth in plaintiff's complaint. In 2003, plaintiff acquired a credit card from First Premier Bank (Bank). To be issued a credit card, plaintiff was required to sign a Credit Card Contract and Initial Disclosure Agreement (Agreement), indicating her assent to the terms and conditions in the document.

The Agreement stated "any claim, dispute or controversy between you and us arising from or relating to the [c]ontract or your [c]redit [a]ccount relationship . . . including, but not limited to the validity, enforceability or scope of the [a]rbitration [p]rovision [or] the contract. . . shall be settled by binding arbitration . . . ." The term "claim" addressed "claims of every kind and nature, including but not limited to initial claims, counterclaims, cross claims and third party claims, and claims based upon contract, tort, fraud and other torts, statutes, . . . regulations, common law and equity." The word "contract" encompassed

"the terms and conditions outlined in [the] Agreement." The term "us" included the Bank "and all of its affiliates, licensees, predecessors, successors, assigns, [and] any purchaser of your [c]redit [a]ccount . . . ." The Agreement also included, in capital letters, a "Waiver of Right to Trial" and "Waiver of Right to Participate in Class Action."

Plaintiff did not deny signing the Agreement. Nor did she disavow her use of the credit card for three years before defaulting on her payment obligations.

Defendant LVNV Funding, LLC purchased plaintiff's credit card account debt from the Bank. Plaintiff did not dispute that defendant purchased her debt related to the credit card.

On October 18, 2017, plaintiff commenced a class action lawsuit against defendant. Defendant moved to dismiss plaintiff's complaint and compel arbitration in accordance with the Agreement. After hearing the arguments of counsel, the motion judge granted defendant's motion and dismissed plaintiff's complaint with prejudice. The judge concluded plaintiff signed the Agreement and, consistent with the terms and conditions in the Agreement, plaintiff's claims were required to be resolved through arbitration.

A-5325-17T2

On appeal, plaintiff argues defendant failed to prove it had a valid assignment of the Agreement from the Bank. Absent evidence of a valid assignment, plaintiff claims defendant cannot compel arbitration.[1]

"The existence of a valid and enforceable arbitration agreement poses a question of law" requiring our de novo review. Barr v. Bishop Rosen & Co., Inc., 442 N.J. Super. 599, 605 (App. Div. 2015) (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)). "Our review of a contract, generally, is de novo, and therefore we owe no special deference to the trial court's . . . interpretation. Our approach in construing an arbitration provision of a contract is governed by the same de novo standard of review." Atalese v U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 445-46 (2014) (citation omitted).

Both federal and state law governing arbitration agreements apply to this matter. The Federal Arbitration Act, 9 U.S.C. §§ 1 to 16, and the Uniform Arbitration Act, N.J.S.A. 2A:23B-1 to -32, support arbitration of disputes. Roach v. BM Motoring, LLC, 228 N.J. 163, 173 (2017); Hojnowski v. Vans Skate Park, 187 N.J. 323, 342 (2006).

---

[1] Plaintiff contends she raised this issue to the trial court. However, motion briefs are not part of the record on appeal. See R. 2:6-1(a)(2). In reviewing the transcript of the motion to compel arbitration, we note the issue was not argued before the motion judge.

4

The Agreement states any claim "including, but not limited to the validity, enforceability or scope of the [a]rbitration [p]rovision [or] the contract" shall be "settled by binding arbitration." The Agreement expressly provides neither party has "the right to litigate any claim in court or have a jury trial on that claim." The Agreement applies to plaintiff and "any purchaser of [a] [c]redit [a]ccount."

The Agreement also provides any claim shall be adjudicated by an arbitrator. The United States Supreme Court has held "a court may not decide an arbitrability question that the parties have delegated to an arbitrator." Henry Schein, Inc. v. Archer & White Sales, Inc., ___ U.S. ___, 139 S. Ct. 524, 530 (2019); see also Amalgamated Transit Union, Local 880 v. N.J. Transit Bus Operations, Inc., 200 N.J. 105, 118 (2009) (holding "[a] court's duty is to refrain from adjudicating the merits of a dispute that properly belongs to an arbitrator").

Here, plaintiff's claim relates to the Bank's assignment of the Agreement to defendant. This issue, as well as other issues raised by plaintiff, must be submitted to arbitration in accordance with the terms of the Agreement. During oral argument before the panel, defendant conceded the arbitrator should determine whether the Bank assigned to defendant all rights under the Agreement, including the right to compel arbitration.

5

While we affirm the order compelling arbitration of plaintiff's claims, the judge improvidently dismissed plaintiff's complaint <u>with</u> prejudice. <u>See</u> <u>GMAC v. Pittella</u>, 205 N.J. 572, 582 n.6 (2011) (citing N.J.S.A. 2A:23B-7(g)). The Uniform Arbitration Act provides for stays, rather than dismissals, of matters pending arbitration. <u>Ibid.</u> Therefore, we remand the matter to the trial court to enter an amended order staying the action pending arbitration or, in the alternative, dismissing the complaint without prejudice.

Affirmed as to compelling arbitration. Remanded for the entry of an amended order consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5325-17T2