**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5059-16T3

NIKITA CLARKE-HUFF,

      Plaintiff-Appellant,

v.

ELIZABETH BOARD OF EDUCATION,
a government entity, MELISSA F. LUCIO,
HOLLIS MENDES, and OLGA
HUGELMEYER,

      Defendants-Respondents.

_____

> Submitted June 7, 2018 – Decided September 11, 2018
>
> Before Judges Simonelli and Haas.
>
> On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-3264-16.
>
> Rinaldo and Rinaldo Associates, LLC, attorneys for appellant (Matthew T. Rinaldo, of counsel; Tiana Gimbrone, on the briefs).
>
> LaCorte, Bundy, Varady & Kinsella, attorneys for respondents (Robert F. Varady and Christina M. DiPalo, on the brief).

PER CURIAM

Plaintiff Nikita Clarke-Huff appeals from the July 7, 2017 order, which denied her motion for reconsideration of the May 19, 2017 order dismissing her complaint with prejudice pursuant to Rule 4:6-2(e). We affirm.

Plaintiff, an administrative secretary with defendant Elizabeth Board of Education (Board), filed a complaint against the Board and defendants Melissa F. Lucio, Hollis Mendes, and Olga Hugelmeyer, alleging breach of duty to provide a safe work environment; bad faith; retaliation; fraud/misrepresentation; breach of duty of good faith and fair dealing; violation of her due process and First and Fourth Amendment rights; failure to accommodate her disability; violation of the New Jersey Law Against Discrimination based on race and gender; and intentional infliction of emotional distress.

Defendants filed a motion to dismiss pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief can be granted. The motion judge entered an order on May 19, 2017, granting the motion. The order was served on plaintiff's counsel on May 23, 2017.

On June 15, 2017, plaintiff filed a motion for reconsideration. The judge found plaintiff filed the motion beyond the twenty-day period mandated by Rule 4:49-2 and relied on factual assertions and legal arguments she could have raised

2

in opposition to the motion to dismiss.  The judge entered an order on July 7, 2017, denying the motion for reconsideration.  This appeal followed.

As a threshold matter, we note that plaintiff's notice of appeal states she is only appealing from the July 7, 2017 order denying her motion for reconsideration.[1]  "[I]t is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review.  Pressler and Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1) (2018); see 1266 Apt. Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004); Fusco v. Newark Bd. of Educ., 349 N.J. Super. 455, 461-62 (App. Div. 2002).  "Consequently, if the notice designates only the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed."  Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1).  Thus, plaintiff's challenge to the May 19, 2017 order granting the motion to dismiss is not properly before us.  See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397

---

[1]  Contrary to plaintiff's counsel's argument, the Appellate Division eCourts system allows more than one date to be entered when filling out the Notice of Appeal.  The eCourts instruction explains that "To add additional Orders/Judgments, check box below entitled 'Check this box to add additional Trial Court Information.'  All orders listed on this Appeal must be uploaded."  If the checked box is selected, the additional trial court orders appear on the second page of the notice of appeal.

3

N.J. Super. 455, 458 (App. Div. 2008). Since defendants have objected to our review of the May 19, 2017 order, we will not address the merits of the motion to dismiss. See id. at 459.

As for the motion for reconsideration, we have determined:

> Reconsideration itself is "a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice[.]" It is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion, but should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (citations omitted).]

Notably, and of significance here, a party is not permitted to use a motion for reconsideration as a basis for presenting facts or arguments that could have been provided in opposition to the original motion. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).

We will not disturb a trial judge's denial of a motion for reconsideration absent a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). "An abuse of discretion only arises on demonstration of 'manifest error or injustice[,]'" Hisenaj v.

4

Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). We discern no abuse of discretion here.

Motions for reconsideration "shall be served not later than [twenty] days after service of the judgment or order upon all parties by the party obtaining it." R. 4:49-2. "Neither the parties nor the court may . . . enlarge the time specified by . . . [Rule] 4:49-2." R. 1:3-4(c). The only legal recourse after the time to file a motion for reconsideration expires is to file a timely appeal to this court. See GMAC v. Pitella, 205 N.J. 572, 586-87 (2011).

Here, the order granting defendants' motion to dismiss was served on plaintiff's counsel on May 23, 2017. Plaintiff did not file her motion for reconsideration until June 15, 2017, beyond the twenty-day filing period. Accordingly, the motion judge correctly determined plaintiff's motion for reconsideration was untimely.

Because the motion for reconsideration was untimely, there could be no tolling of time to file an appeal from the May 19, 2017 order under Rule 2:4-

3(e).  Thus, plaintiff had forty-five days to file an appeal, or until July 3, 2017.

R. 2:4-1.  She did not file her notice of appeal until July 28, 2017, making this appeal untimely.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5059-16T3