**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1775-18T2

VINCENT C. MAISANO,
on behalf of himself and
those similarly situated,

     Plaintiff-Appellant,

v.

LVNV FUNDING, LLC,

     Defendant-Respondent.

_____

          Argued November 14, 2019 – Decided November 27, 2019

          Before Judges Haas and Mayer.

          On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2258-18.

          Scott C. Borison (Legg Law Firm, LLP) of the District of Columbia, Maryland, and California bars, admitted pro hac vice, argued the cause for appellant (Kim Law Firm LLC, and Scott C. Borison, attorneys; Yongmoon Kim, Scott C. Borison, and Catherine Rhy, of counsel and on the briefs).

Michael A. Iannucci argued the cause for respondent (Blank Rome LLP, attorneys; Michael A. Iannucci, on the brief).

PER CURIAM

Plaintiff Vincent C. Maisano appeals from a November 9, 2018 order compelling arbitration and dismissing his complaint with prejudice. We affirm the order compelling arbitration. However, we remand the matter to the trial court to issue an amended order staying the case pending arbitration.

Plaintiff entered into a credit card agreement (Agreement) with Credit One. The six-page Agreement included an "Important Notice" prominently placed on the first page of the document, directing the cardholder to "read the Arbitration Agreement portion of this document for important information about your and our legal rights under this Agreement."

The Agreement's arbitration provision (Arbitration Agreement or Arbitration Clause) contains a notice in bolded capital letters, explaining the nature of arbitration and warning the cardholder that the Arbitration Agreement "replaces the right to go to court, including the right to a jury and the right to participate in a class action or similar proceeding" regarding "any controversy or dispute." The Arbitration Agreement identifies the covered claims, including disputes related to the "application, enforceability or interpretation of this

Agreement," and "any claim for injunctive or declaratory relief." The Arbitration Clause also prohibits the cardholder from participating in class actions if one of the parties elects arbitration. Further, the Arbitration Agreement "survive[s] . . . any transfer or assignment of [the] [a]ccount." The cardholder accepts the terms of the Agreement by "requesting and receiving, signing or using [the] Card."

Plaintiff used the credit card to make purchases. Plaintiff defaulted by failing to tender the required credit card payment. Credit One subsequently wrote off plaintiff's account in December 2012 with an unpaid balance of $826.13.

Defendant LVNV Funding, LLC acquires unpaid credit card accounts and pursues collection of those accounts. In January 2013, after plaintiff's debt was deemed uncollectible, Credit One assigned "[a]ll rights, title and interest" in the account to Sherman Originator III, LLC. The account was assigned from Sherman Originator III, LLC to Sherman Originator, LLC, and then to defendant.

Defendant filed an action in the Special Civil Part to recover the unpaid credit card debt from plaintiff. The documents evidencing assignment of plaintiff's account to defendant were annexed to the Special Civil Part

3

complaint. As a result of that lawsuit, plaintiff made payments to satisfy the outstanding debt.

In June 2018, plaintiff filed a putative class action for declaratory judgment, injunctive relief, and damages against defendant. In lieu of filing an answer, defendant filed a motion to dismiss and compel arbitration pursuant to the Agreement. In support of its motion, defendant submitted the affidavits of Adele Burton, Vice President of Credit One, and Amanda Hammond, a records custodian employed by defendant's corporate affiliate.

After hearing the arguments of counsel, the motion judge explained she was "obligated to compel arbitration" because she determined "there's a valid agreement . . . and secondly, that the dispute falls within the scope of the agreement." The judge noted the Agreement provided "any question[s] regarding the enforceability or interpretation of the agreement are to be decided by an arbitrator." In defining the covered claims under the Agreement, the judge cited the following language from the document:

> claims based on any theory of law, any contract; statute; regulation; ordinance; tort, including fraud or intentional tort; common law, constitutional provision; respondeat superior; agency, or other doctrine concerning liability for other persons, customs, course of dealing, or any other legal entity or equitable ground, including any claim for injunctive or declaratory relief are covered.

Based on the foregoing language, the judge explained the covered claims included plaintiff's allegations against defendant under the Consumer Fraud Act and the Consumer Financing Licensing Act.

The judge also determined the Agreement applied to Credit One and its successors and assigns, including defendant, based on the language in the document. The motion judge expressly found the Arbitration Agreement had "different fonts, . . . different italicizing, . . . bold face [and] capitals[;] these variations in the print are supposed to be visual cues . . . to take note . . . that this is important." She did not find "the substance or content to be misleading or unable to be understood or in any way equivocal." The judge concluded the Arbitration Agreement was "valid, clear, and not in violation of . . . either of the two statutes or the case law . . . ." Having determined the Arbitration Agreement was valid, the judge granted defendant's motion to compel arbitration and dismissed the matter with prejudice.

On appeal, plaintiff argues the motion judge erred by (1) deeming it was for the arbitrator to decide whether the assignment of plaintiff's credit card debt to defendant was void; (2) concluding the Arbitration Agreement did not violate the plain language requirements; and (3) relying on inadmissible hearsay in defendant's affidavits.

A-1775-18T2

"The existence of a valid and enforceable arbitration agreement poses a question of law" requiring our de novo review. Barr v. Bishop Rosen & Co., Inc., 442 N.J. Super. 599, 605 (App. Div. 2015) (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)). We are "mindful of the strong preference to enforce arbitration agreements." Hirsch, 215 N.J. at 186. However, the preference for arbitration is not unbounded, and a trial court must first determine if a valid arbitration agreement exists under state law. Id. at 187.

We first consider plaintiff's argument that the judge erred in deeming the validity of the Agreement's assignment to defendant was arbitrable. Because defendant was not licensed under the New Jersey Consumer Finance Licensing Act (NJCFLA), N.J.S.A. 17:11C-3, at the time Credit One assigned the Agreement, plaintiff claimed the Agreement was invalid and therefore the Arbitration Clause was void.

The United States Supreme Court recently held "a court may not decide an arbitrability question that the parties have delegated to an arbitrator." Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. ___, 139 S. Ct. 524, 530 (2019); see also Amalgamated Transit Union, Local 880 v. N.J. Transit Bus Operations, Inc., 200 N.J. 105, 118 (2009) (holding "[a] court's duty is to refrain from adjudicating the merits of a dispute that properly belongs to an arbitrator").

6

The first question in a motion to compel arbitration is whether there was an arbitration agreement. Henry Schein, Inc., 139 S. Ct. at 530 (citing 9 U.S.C. § 2). If that question is answered in the affirmative, threshold questions of arbitrability must be referred to an arbitrator if the agreement so stipulates by "clear and unmistakable" evidence. Ibid. (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)).

Because Henry Schein was decided after the motion judge rendered her ruling, she made a threshold determination on arbitrability. Since the United States Supreme Court issued its decision in Henry Schein, such a threshold determination by a court is not required. Where specified disputes are properly delegated, the disputes are within the exclusive determination of the arbitrator. 139 S. Ct. at 529. Here, the Arbitration Agreement clearly and expressly stated claims relating to the "application, enforceability or interpretation of this Agreement, including this arbitration provision" are subject to arbitration. Therefore, the threshold issue of arbitrability is to be determined by the arbitrator.

We next consider whether the Arbitration Agreement violated the New Jersey Plain Language Act (NJPLA), N.J.S.A. 56:12-1 to 12-13, and rendered the Agreement void. The NJPLA requires contractual clauses to be "written in

a simple, clear, understandable and easily readable way as a whole." N.J.S.A. 56:12-2. Courts have held arbitration agreements valid under the NJPLA where the agreements are "sufficiently clear, unambiguously worded, satisfactorily distinguished from the other [a]greement terms, and drawn in suitably broad language to provide a consumer with reasonable notice of the requirement to arbitrate all possible claims arising under the contract." Curtis v. Cellco P'ship, 413 N.J. Super. 26, 33 (App. Div. 2010); see also Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 444-45 (2014) (discussing cases upholding arbitration clauses). Waiver of rights language must clearly and unambiguously inform the parties of the "distinction between resolving a dispute in arbitration and in a judicial forum." Atalese, 219 N.J. at 445.

Here, the Agreement provides the cardholder with notice of the types of claims subject to arbitration, and plainly outlines the difference between arbitration and judicial proceedings. The Arbitration Agreement clearly explains arbitration "replaces the right to go to court, including the right to a jury and the right to participate in a class action" and expressly states, "[i]n arbitration, a dispute is resolved by a neutral arbitrator instead of a judge or jury. Arbitration procedures are simpler and more limited than rules applicable in

court.  In arbitration, you may choose to have a hearing and be represented by counsel."

Having reviewed the record, particularly the language of the Arbitration Agreement, we are satisfied the document clearly and explicitly articulated the waiver of the right to proceed to court and unambiguously required the parties to submit all disputes relating to the Agreement to arbitration.

We next consider plaintiff's contention that the affidavits in support of defendant's motion were deficient because the affidavits included inadmissible hearsay, lacked personal knowledge, and contained other evidentiary defects. We review a trial court's evidentiary rulings for abuse of discretion. State v. Kuropchak, 221 N.J. 368, 385-86 (2015).

We are satisfied the judge did not abuse her discretion in considering the affidavits in support of defendant's motion.  In her affidavit, Burton averred she reviewed the Credit One records pertinent to the Agreement, and certified that she was familiar with the "manner in which Credit One's credit account records . . . are maintained . . . and the contents of the agreements."  The Burton affidavit was sufficient to support the judge's finding that the Agreement was made in the regular course of Credit One's business, was an authentic business record, and

therefore fell within an exception to the hearsay rule. See Hahnemann Univ. Hosp. v. Dudnick, 292 N.J. Super. 11, 17-18 (App. Div. 1996).

Further, admission of the affidavits by the motion judge was proper because the statements were based on personal knowledge. Evidence of personal knowledge gleaned from business records need only be "sufficient to support a finding that the witness has personal knowledge." N.J.R.E. 602, see also New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 326-27 (App. Div. 2014) (affirming admission of foundation witness certifications based on review of business records). Burton certified that she was a current employee of Credit One and therefore had personal knowledge of the Agreement. Hammond was the records custodian of defendant's corporate affiliate and reviewed the regularly maintained business records regarding the Agreement.

Because we discern no abuse of discretion in the judge's admission of the affidavits, we are satisfied that the remainder of plaintiff's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

For these reasons, we affirm the order compelling arbitration of plaintiff's claims. However, the judge improvidently dismissed plaintiff's complaint with prejudice. See GMAC v. Pittella, 205 N.J. 572, 582 n.6 (2011) (citing N.J.S.A. 2A:23B-7(g)). The Uniform Arbitration Act provides for stays, rather than

dismissals, of matters pending arbitration. Ibid. Therefore, we remand the matter to the trial court to enter an amended order staying the action pending arbitration.

Affirmed as to compelling arbitration. Remanded for the entry of an amended order consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1775-18T2