## NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3551-18T2

LAURA HANNEN,

     Plaintiff-Appellant,

v.

GROUP ONE AUTOMOTIVE, INC.,
BMW OF ATLANTIC CITY, KERRY
LAWS, and THOMAS ALFINITO,

     Defendants-Respondents.

_____

> Submitted December 11, 2019 – Decided December 30, 2019
>
> Before Judges Mayer and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0148-19.
>
> Castronovo & McKinney, LLC, attorneys for appellant (Thomas A. McKinney, of counsel and on the briefs; Megan Frese Porio, on the briefs).
>
> Cozen O'Connor, attorneys for respondents (George A. Voegele, Jr., and Steven D. Millman, on the brief).

PER CURIAM

Plaintiff appeals from an April 12, 2019 order dismissing her complaint with prejudice and compelling arbitration. We affirm the order compelling arbitration. However, we remand the matter to the trial court to enter an amended order staying the case pending arbitration.

For ten years, plaintiff worked as a human resources manager for defendant Group One Automotive, Inc.[1] When she began her employment, plaintiff signed an "Employee Acknowledgement and Agreement." Section three of the Employee Acknowledgement and Agreement included an "Arbitration Agreement," setting forth detailed information related to plaintiff's rights.

Upon signing the Arbitration Agreement, plaintiff acknowledged she "under[stood] that by agreeing to submit covered claims[2] to arbitration, both the company and I give up our rights to a jury trial." The Arbitration Agreement provided "the arbitrator selected by me and the Company to arbitrate any and all

---

[1] Defendant BMW of Atlantic City is wholly owned by Group One Automotive, Inc. Defendant Kerry Lewis was plaintiff's supervisor. Defendant Thomas Alfinito was the general manager of another dealership wholly owned by Group One Automotive, Inc. We shall refer to these parties collectively as "defendants."

[2] The term "covered claims" included "claims, disputes, and/or controversies including but not limited to claims related to harassment, discrimination, and wrongful discharge  . . . ."

covered claims shall be a retired federal or state court judge."  In addition, the Arbitration Agreement stated the arbitrator was bound by the rules "applicable in civil actions in United States District Courts."  Immediately above the signature line on the Employee Acknowledgement and Agreement was the following language:

> MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.  MY SIGNATURE FURTHER ACKNOWLEDGES THAT I HAVE HAD THE OPPORTUNITY TO ASK QUESTIONS ABOUT THE TERMS OF THIS AGREEMENT.

On November 12, 2018, plaintiff learned her job was being eliminated. The next day, plaintiff was terminated.  She was over sixty years old at the time. According to plaintiff, defendants replaced her with an individual in his early thirties.

Plaintiff filed a complaint in the Superior Court, alleging age discrimination and other causes of action under the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49.  In response, defendants filed a motion to dismiss her complaint and compel arbitration in accordance with the Arbitration Agreement.  Plaintiff opposed defendants' motion, arguing the Arbitration Agreement failed to identify a valid forum for conducting

arbitration. Plaintiff further argued the Arbitration Agreement was unenforceable because it failed to identify who would pay the fees and costs for arbitration.

In an oral decision on April 12, 2019, the judge determined that in the absence of an express provision in an arbitration agreement governing payment of the arbitrator's fees, "there's an implied agreement to share the cost of arbitration" and "arbitration contracts that divide the [costs] of arbitration are proper and enforceable." The judge expressly stated, "the arbitration clause is not unconscionable" because "the provisions of the [A]rbitration [A]greement would only require plaintiff to pay [her] portion of the arbitration fees."

On the failure to specify a forum, the judge concluded the document "set forth a basic method for choosing the arbitrator. It sets forth basic rules that should apply to the arbitrator . . . ." He also rejected plaintiff's argument that the holding in Flanzman v. Jenny Craig, Inc., 456 N.J. Super. 613 (App. Div. 2018), certif. granted, 237 N.J. 310 (2019), rendered the Arbitration Agreement void for lack of a forum. Unlike the agreement in Flanzman, the judge found the Arbitration Agreement "sets forth the arbitrator will be a retired judge. More importantly, it set forth the rules for the arbitration. . . . The agreement in this

matter explains exactly what rules are to be used for the arbitration and what arbitrator will be arbitrating the case."

On appeal, plaintiff argues the Arbitration Agreement is void for lack of mutual assent because it failed to set forth a valid forum. She also contends the failure to establish who pays the arbitrator's fees and costs rendered the Arbitration Agreement unenforceable.

We apply a de novo standard of review when construing an arbitration provision in a contract. Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 446 (2014). We apply the same de novo review when deciding whether a valid and enforceable arbitration agreement exists. Barr v. Bishop Rosen & Co., 442 N.J. Super. 599, 605 (App. Div. 2015) (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)). We owe "no special deference to the judge's determination of [the enforceability of an arbitration agreement]." Flanzman, 456 N.J. Super. at 619.

Here, both federal and state laws governing arbitration agreements are applicable. The Federal Arbitration Act, 9 U.S.C. §§ 1 to 16, and the Uniform Arbitration Act, N.J.S.A. 2A:23B-1 to -32, favor arbitration of disputes. KPMG

LLP v. Cocchi, 565 U.S. 18, 21 (2011); Roach v. BM Motoring, LLC, 228 N.J. 163, 173 (2017).[3]

"[A]n agreement to arbitrate, like any other contract, 'must be the product of mutual assent, as determined under customary principles of contract law.'" Atalese, 219 N.J. at 442 (citing NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 424 (App. Div. 2011)). "Mutual assent requires that the parties have an understanding of the terms to which they have agreed." Ibid. A legally enforceable agreement requires a "meeting of the minds." Ibid. (citing Morton v. 4 Orchard Land Tr., 180 N.J. 118, 120 (2004)).

Having reviewed the record, the Arbitration Agreement is valid because it clearly and unambiguously informed plaintiff that she waived her right to assert a claim in a judicial forum and agreed to submit her claims to binding arbitration. By signing the Arbitration Agreement, plaintiff acknowledged her understanding of its terms and assented to those terms. Therefore, there was a "meeting of the minds" to establish a valid and enforceable agreement to arbitrate.

---

[3] Plaintiff cites N.J.S.A. 10:5-12.7 in claiming the Arbitration Agreement is void and unenforceable. However, she concedes the statute is inapplicable because the law applies prospectively to agreements after March 18, 2019, and the Arbitration Agreement was signed in March 2009.

A-3551-18T2

We next consider whether the Arbitration Agreement was void because it failed to list a proper forum. An arbitral forum is defined "as the mechanism – or setting – that parties utilize to arbitrate their dispute." Flanzman, 456 N.J. Super. at 623. If the parties "agree that a dispute would be arbitrated by an arbitral institution, or an arbitrator or arbitrators, then that is the agreed upon forum." Ibid. The failure to identify a specific arbitrator does not "render[] the agreement unenforceable." Ibid.

Here, unlike the agreement in Flanzman that omitted any reference to an arbitral forum, the Arbitration Agreement specified the mechanism replacing plaintiff's right to pursue her claims in a court of law. The Arbitration Agreement specified that arbitration would follow the rules and procedures applicable to civil actions in the United States District Court and stated the arbitrator shall be a retired federal or state court judge. By signing the Arbitration Agreement, plaintiff agreed to the forum as specified. There is no need to identify the arbitrator by name or state where and how the arbitration would be conducted to find the Arbitration Agreement set forth a valid forum. Id. at 625-27.

We next consider plaintiff's claim that the Arbitration Agreement is unenforceable because defendant failed to assume all costs associated with the

arbitration and any apportionment of the "extremely high" costs associated with arbitration would "effectively prevent [p]laintiff from vindicating her statutory LAD claims."

"[A]n arbitration agreement's silence with respect to [arbitration costs and fees] does not render the agreement unenforceable." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 82; 92 (2000). As the United States Supreme Court held, "the 'risk' that [the plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." Id. at 91.

There is nothing in the Arbitration Agreement suggesting plaintiff would be responsible to pay the entire cost of arbitration. See Jaworski v. Ernst & Young U.S. LLP, 441 N.J. Super. 464, 481-82 (App. Div. 2015) (upholding an arbitration agreement that "does not provide for the potential shifting of the entire cost of arbitrating to a non-prevailing party."). An employee's payment of a portion of the arbitration fees and costs are "limited by substantive law and arbitration rules." Id. at 482. N.J.S.A. 2A:23B-21(d) allows an arbitrator's expenses and fees to "be paid as provided in the [arbitration] award." Consistent with this statute, the Legislature vested the arbitrator with the discretion to allocate his or her arbitration fees and costs among the parties to the arbitration.

Applying these principles, we reject the argument that the costs of arbitration that may be borne by plaintiff are prohibitive. Here, there is no punitive measure contained in the Arbitration Agreement that would shift the entire financial cost of arbitration to plaintiff in the event she did not prevail. Further, N.J.S.A. 2A:23B-21(d) authorizes the arbitrator to allocate his or her expenses and fees as part of any arbitration award.

While we affirm the order compelling arbitration of plaintiff's claims, the judge improvidently dismissed plaintiff's complaint <u>with</u> prejudice. <u>See</u> <u>GMAC v. Pittella</u>, 205 N.J. 572, 582 n.6 (2011) (citing N.J.S.A. 2A:23B-7(g)). The Uniform Arbitration Act provides for stays, rather than dismissals, of matters pending arbitration. <u>Ibid.</u> Therefore, we remand the matter to the trial court to enter an amended order staying the action pending arbitration.

Affirmed as to compelling arbitration. Remanded for the entry of an amended order consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3551-18T2