**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3585-17T4

ERIN MCDERMOTT,
M. STEPHEN MCDERMOTT,
and PATRICIA MCDERMOTT,

      Plaintiffs-Respondents,

v.

GENESIS HEALTHCARE d/b/a
SUMMIT RIDGE CENTER,

      Defendant-Appellant,

and

PRADIP S. SHAH, M.D., PHILIPPE
CHEMALY, D.O., HARESH KANE,
M.D., HELEN KELLMAN, L.P.N.,
BARBARA HUDNALL, L.P.N.,
BARBARA (BABBETT) FOGARTHY, R.N.,
JANET OKECHUKWU, R.N.,
JEAN HAMILTON, R.N.,
ISLANE CHARLES, R.N.,
FARAH ROMULUS, L.P.N.,
DAWN ROBINSON, L.P.N.,
FUNMILOLA ADEWALE, R.N.,
MARIE PICAUD, R.N.,
CORA-ANNE CHANDLER, R.N.,
ELIZABETH OYAREBU, R.N.,

NICOLETTE PHILIPPE, L.P.N.,
GRACE OKAFOR, L.P.N.,
ERIC NAMACHE, R.N.,
SYLVERIA OHIRI, R.N., and
ANNE JULES, L.P.N.,

     Defendants.

_____

Argued June 18, 2019 – Decided July 22, 2019

Before Judges Koblitz and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6115-16.

Shane P. Simon argued the cause for appellant (Buchanan Ingersoll & Rooney, PC, attorneys; David L. Gordon, Eric D. Heicklen and Shane P. Simon, of counsel and on the brief).

Respondents have not filed a brief.

PER CURIAM

    Defendant 20 Summit Street Operations, LLC d/b/a Summit Ridge Center (Summit Ridge)[1] appeals from a February 16, 2018 order denying its motion to compel arbitration as well as a March 29, 2018 order denying reconsideration.

---

[1] Counsel for Summit Ridge indicated that plaintiffs improperly pled Summit Ridge as "Genesis Healthcare d/b/a Summit Ridge Center."

A-3585-17T4

Plaintiff Erin McDermott[2] was a patient at Summit Ridge, a licensed skilled nursing center. After denying defendant's request for limited discovery on the issue, the motion court determined plaintiff was mentally incompetent when she signed the arbitration agreement upon admission to Summit Ridge. The court also determined that defendant had waived its right to arbitration in pre-motion litigation by moving to set aside default. We disagree and remand for limited discovery on the issue of plaintiff's competence to enter into the arbitration agreement.

On the return date of the motion to compel arbitration in February 2018, plaintiffs' counsel opposed arbitration, arguing for a plenary hearing to resolve the "threshold issue" of Erin's mental capacity to enter into the contract. In response, defendant sought limited discovery on this issue. The motion court, however, adopted a position advocated by neither side, stating it did not need a hearing, or further discovery, but could decide the issue based on the certifications of Erin and her parents as well as the medical records submitted by plaintiffs. The court also found it "a little disingenuous" for defendants to move for arbitration after successfully vacating default. The court found

---

[2] Erin McDermott and her parents are plaintiffs. We will refer to them by their first names, intending no disrespect.

A-3585-17T4

plaintiff was prejudiced by the "inordinate" delay between the filing of the complaint in September 2016 and the request for discovery concerning mental capacity.[3] The court found that when default was vacated in September 2017, plaintiff was entitled to assume that the matter would proceed to a disposition in court.

We review a decision to deny arbitration as of right, using a de novo standard of review. GMAC v Pittella, 205 N.J. 572, 586-87 (2011); R. 2:2-3(a)(3); Coast Auto. Grp., Ltd. v. Withum Smith & Brown, 413 N.J. Super. 363, 369 (App. Div. 2010).

Our Supreme Court recently reasserted, relying on Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764 (3d Cir. 2013), that discovery regarding the entry into an arbitration agreement is proper in the Superior Court. Goffe v. Foulke Mgmt. Corp., ___ N.J. ___, ___ (2019) (slip op. at 31-35). When the contract as a whole is attacked, not the situation here, the arbitrator should decide the issue. Id. at 35.

The medical records relied upon by the court were attached to certifications and did not directly address Erin's ability to enter into an

---

[3] The complaint was administratively dismissed, and then reinstated with default granted in July 2017. That default was set aside in September 2017 and a motion to compel arbitration filed in January 2018.

arbitration contract. It is uncontested that at the time she was admitted to Summit Ridge, Erin was a forty-three-year-old disabled adult, with many physical and mental issues. Her ability to enter into an arbitration agreement when she was admitted to Summit Ridge, however, is disputed. Plaintiff has the burden of demonstrating by clear and convincing evidence that she was incapacitated. Jennings v. Reed, 381 N.J. Super. 217, 227 (App Div. 2005) (noting that a party moving to set aside an agreement "has the burden of proving his incapacity or incompetence to contract or other extraordinary circumstance sufficient to vitiate the agreement"). Agreements to arbitrate are treated like any other contract. See, e.g., Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442 (2014) ("An agreement to arbitrate, like any other contract, 'must be the product of mutual assent, as determined under customary principles of contract law.'") (quoting NAACP of Camden Cty. E. v. Foulke Mgmt., 421 N.J. Super. 404, 424 (App. Div. 2011)). Defendant is entitled to pursue limited discovery on that issue. See Guidotti, 716 F.3d at 776 (When an agreement to arbitrate is in issue, the parties should engage in limited discovery on the issue of arbitrability before the court considers a renewed motion to compel arbitration.)

Additionally, defendant had to vacate default in order to pursue its claim of arbitration, so to label such a tactic misleading to plaintiffs is not completely

accurate. Extensive litigation prior to seeking to enforce an arbitration agreement may defeat the motion. See Cole v. Jersey City Med. Ctr., 215 N.J. 265, 268-69, 283-84 (2013) (finding the defendant waived its ability to enforce an arbitration agreement where it "engaged in all of the usual litigation procedures for twenty-one months and, only on the eve of trial, invoked its right to arbitrate"). Here, however, extensive litigation did not take place.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3585-17T4