**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0658-24

KAREN LANDAU,

     Plaintiff-Appellant,

v.

RENEW WOUND CARE OF
NEW JERSEY, LLC,

     Defendant-Respondent,

and

NEWPORT GARDEN GROUP,
LLC, EXCELSIOR CARE GROUP,
LLC, and EMILCE LONDONO,

     Defendants.

_____

Submitted March 31, 2025 – Decided May 1, 2025

Before Judges Sabatino, Berdote Byrne, and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1359-24.

Castronovo & McKinney, LLC, attorneys for appellant (Thomas A. McKinney, of counsel and on the briefs; Nicholas Anton, on the brief).

Kirmser, Cunningham & Skinner, attorneys for respondent (Ellen M. Boyle, of counsel and on the brief).

PER CURIAM

Plaintiff Karen Landau appeals from an order granting the motion of defendant, Renew Wound Care of New Jersey, LLC ("Renew"), dismissing her complaint with prejudice, and enforcing the parties' arbitration clause contained in her employment contract. Plaintiff, an employee of Renew who was terminated, filed a complaint alleging Renew; Newport Garden Group, LLC ("Newport"), which was doing business as Acclaim Rehabilitation and Care Center ("Acclaim"); Excelsior Care Group, LLC ("Excelsior"); and Emilce Londono ("Londono") violated the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 to -14, and Londono was individually liable for retaliating against her in violation of CEPA.

In response, Renew filed a motion to dismiss plaintiff's complaint and compel arbitration pursuant to the nurse practitioner employment agreement ("Employment Agreement") plaintiff signed with Renew, which contained an arbitration clause. Defendants Newport, Excelsior, and Londono did not sign

the Employment Agreement. They also did not file answers to the complaint, and the trial court entered default against them. The trial court subsequently issued an order dismissing plaintiff's complaint against Renew and compelling her to arbitrate all her claims. Shortly after plaintiff filed this appeal, the trial court entered a consent order vacating the orders of default against Newport, Excelsior, and Londono, and they filed an answer to plaintiff's complaint, contesting their alleged status as plaintiff's co-employers.

Because defendants Newport, Excelsior, and Londono have cured their default by collectively filing an answer to plaintiff's complaint,[1] and it is unknown whether any of them may be held as plaintiff's co-employers pursuant to CEPA, as alleged by plaintiff, or required to arbitrate, despite being non-signatories to the Employment Agreement, under theories of agency, we are constrained to remand this matter. This is particularly necessary because neither Newport, Excelsior, nor Londono were joined in this appeal after they cured default and have not had the opportunity to be heard on these threshold issues. We direct the trial court to conduct limited discovery and motion practice, if necessary, to determine whether defendants Newport, Excelsior, or Londono are

---

[1] We assume co-defendants Newport, Excelsior, nor Londono are aware of and have waived any potential conflicts arising out of their shared representation.

3

plaintiff's co-employers. If any of the non-signatory defendants are found to be co-employers subject to CEPA, the trial court will have to determine the extent of overlap of the legal and factual issues, and whether the entire controversy doctrine precludes arbitration of plaintiff's claims against Renew.

I.

We glean the following facts from plaintiff's complaint and the record before us. Renew is an organization that "provides wound care specialists to facilities." Renew and plaintiff entered into the Employment Agreement with a start date of December 19, 2022. The Employment Agreement included an arbitration clause which states, in part, as follows:

> 11.12 <u>Arbitration and Governing Law</u>. Any controversy, claim, or dispute arising out of, or in any way relating to this Agreement, Employer's employment of Employee or the termination thereof, or Employee's Services hereunder or the termination thereof will be resolved by binding arbitration in accordance with the Rules of Procedure for the American Arbitration Association then pertaining. . . . Employer and Employee knowingly and voluntarily agree to this arbitration provision and acknowledge that arbitration will be instead [sic] of pursuing claims through administrative or judicial remedies or civil litigation. Employer and Employee knowingly and voluntarily agree and acknowledge that they are each waiving any rights to a jury trial in any action or proceeding related to their employment relationship and/or the termination of the employment relationship.

4

The parties' Employment Agreement also included a handwritten addendum added by plaintiff. Her printed name and signature appear on the last page of the Agreement, and her handwritten initials are on the bottom right of each page.

As a part of her employment with Renew, plaintiff worked as a wound care consultant and nurse practitioner out of various facilities in New Jersey. In her complaint, plaintiff claims Renew, Newport, Excelsior, and Londono "jointly employed [her]." Newport, doing business as Acclaim, was the rehabilitation and care center where plaintiff physically reported for work. Excelsior, a healthcare management firm operating several rehabilitation and nursing centers, oversaw the operations of Newport's Jersey City facility.

In February 2023, plaintiff was scheduled to work at Newport's facility in Jersey City. During this time, she reported directly to Londono, who was the director of nursing at the facility. Plaintiff experienced Londono's alleged "inappropriate medical practices," including Londono asking her and other nurses to alter medical charts and remove notes about pressure wounds. Plaintiff claims after she recommended that a patient she was treating with a severe wound be hospitalized, Londono refused to approve the hospitalization, and berated her for making the recommendation to the patient's primary care team.

5

Plaintiff alleged Londono "overr[ode] medical orders . . . by refusing to hospitalize patients in need."

On November 2, 2023, plaintiff submitted a written complaint to the Vice President of Renew in which she noted "Londono overstepped medical ethics and legal licensure boundaries." Plaintiff alleges Renew removed her from Newport's schedule pretextually, and in retaliation for submitting this complaint, due to "baseless, unsubstantiated complaints about" her. She was then removed from Renew's schedule entirely. On February 29, 2024, Renew terminated plaintiff without specifying cause.

Plaintiff filed a complaint and jury demand alleging defendants Renew, Newport, Excelsior, and Londono violated CEPA, and Londono was individually liable for aiding and abetting the alleged retaliation in violation of CEPA. In response, Renew filed a motion to dismiss the complaint and compel arbitration pursuant to the arbitration clause in the Employment Agreement. On October 25, 2024, the trial court issued an order granting Renew's motion, dismissing plaintiff's complaint with prejudice, and ordering plaintiff to submit her claims against Renew to arbitration. The trial court entered default against Newport, Excelsior, and Londono.

6

Plaintiff filed a timely appeal. On November 20, 2024, the trial court entered the parties' consent order to vacate default and allow co-defendants to collectively filed an answer to plaintiff's complaint.

## II.

We review a trial court's order compelling arbitration de novo. Flanzman v. Jenny Craig, Inc., 244 N.J. 119, 131 (2020); Skuse v. Pfizer, Inc., 244 N.J. 30, 46 (2020). No special deference is owed to the trial court's interpretation of an arbitration provision, which we view "with fresh eyes." Morgan v. Sanford Brown Inst., 225 N.J. 289, 303 (2016). In doing so, "we are mindful of the strong preference to enforce arbitration agreements, both at the state and federal level." Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013); see also Flanzman, 244 N.J. at 133. However, mutually agreed upon arbitration as a favored means for dispute resolution is not "without limits." Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A., 168 N.J. 124, 132 (2001).

On appeal, plaintiff raises two relevant issues. First, plaintiff contends the trial court erred in finding the parties' arbitration clause was valid and enforceable. Second, she argues the trial court's order must be reversed because the entire controversy doctrine requires all her claims be litigated together, and

A-0658-24

co-defendants Newport, Excelsior, and Londono are not signatories to the Employment Agreement containing the arbitration provision.

Arbitration clauses are subject to customary contract law principles.  See Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442 (2014).  The terms of an arbitration agreement must be clear, and any legal rights being waived must be identified.  Id. at 442-44.  If "at least in some general and sufficiently broad way" the language of the clause conveys that arbitration is a waiver of the right to bring suit in a judicial forum, the clause will be enforced.  Id. at 447; see also Arafa v. Health Express Corp., 243 N.J 147, 172 (2020) (concluding "that the jury trial waiver . . . was knowing and voluntary in light of the . . . broad agreement to resolve 'all disputes' between the parties through binding arbitration"); Barr v. Bishop Rosen & Co., 442 N.J. Super. 599, 606 (App. Div. 2015) ("Although an arbitration clause need not identify 'the specific constitutional or statutory right[s]' . . . that are being waived, it must 'at least in some general and sufficiently broad way' convey that parties are giving up their right to bring their claims in court or have a jury resolve their dispute." (quoting Atalese, 219 N.J. at 447)).

Plaintiff claims that the arbitration agreement she signed with Renew is invalid and unenforceable because it failed explain sufficiently that arbitration

is a waiver of her right to bring suit in a judicial forum and does not state it applies to CEPA or other statutory claims. We disagree.

The plain language of the arbitration clause is clear: the parties "acknowledge that arbitration will be [pursued] instead of pursuing claims through administrative or judicial remedies or civil litigation" and "agree and acknowledge that they are each waiving any rights to a jury trial in any action or proceeding related to their employment relationship and/or the termination of the employment relationship." Therefore, as consideration for her employment, plaintiff specifically waived litigation and agreed to arbitrate her disputes.

Plaintiff also makes various claims stating she did not read the agreement, and did not understand the arbitration clause's broad applicability. However, lack of knowledge of the law cannot be used to nullify an arbitration clause's clear and explicit language. Cf. Arafa, 243 N.J. at 165 ("'[A]greements to arbitrate [can] be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability," but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.'" (quoting AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011))); Barlow v. United States, 32 U.S. 404, 411 (1833) ("It is a

common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally . . . .").

Moreover, although the arbitration clause does not specifically state the parties are waiving their rights to litigate a CEPA claim, "[n]o particular form of words is necessary to accomplish a clear and unambiguous waiver of rights." Atalese, 219 N.J. at 444. Because "[n]o magical language is required to accomplish a waiver of rights in an arbitration agreement," a specific reference to CEPA or any other statutory claims is not required to render the parties' agreement enforceable. Morgan, 225 N.J. at 309; see also Barr, 442 N.J. Super. at 606 ("[A]n arbitration clause need not identify 'the specific constitutional or statutory right[s] guaranteeing a citizen access to the courts' that are being waived . . . ." (quoting Atalese, 219 N.J. at 447)). Because the arbitration clause between Renew and plaintiff was clear and unambiguous and there was mutual assent, we conclude the arbitration agreement is valid.

Although we conclude the arbitration clause is valid and enforceable, we are constrained to reverse and remand this matter to the trial court because defendants Newport, Excelsior, and Londono are no longer in default, and have not had the opportunity to be heard as to whether they are co-employers of plaintiff which may be held liable pursuant to CEPA, and, if so, whether they

10

may be bound by the arbitration clause, despite none of them having signed the Employment Agreement. The record does not reveal whether Newport, Excelsior, or Londono were plaintiff's co-employers, and the trial court had no opportunity to address their status because they were in default. For the first time on appeal, plaintiff argues the entire controversy doctrine bars the arbitration of her claims against Renew because the other co-defendants cannot be compelled to arbitration. However, the co-defendants' status as potential co-employers pursuant to CEPA has not been established, and whether they may be subject to the arbitration clause under principles of agency has not been determined. Hence we are unable on the existing record to review these issues in this appeal.

The entire controversy doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." Bank Leumi USA v. Kloss, 243 N.J. 218, 227 (2020) (quoting Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 605 (2015)); see also Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 98 (2019) ("The entire controversy doctrine 'seeks to impel litigants to

consolidate their claims arising from a single controversy whenever possible.'" (quoting Thornton v. Potamkin Chevrolet, 94 N.J. 1, 5 (1983))); R. 4:30A. It requires the trial court to assess the overlap of related factual and legal issues and whether severance of parties or claims is a solution. See GMAC v. Pitella, 205 N.J. 572 (2011).

The record before us is unclear as to whether Newport, Excelsior, or Londono served as plaintiff's co-employers at the time of her termination—the alleged adverse employment action. If Newport, Excelsior, or Londono may be held liable pursuant to CEPA, plaintiff would need to demonstrate these co-defendants may be compelled to arbitration under theories of agency, despite not having signed the Employment Agreement.

We reverse and remand this matter because the trial court did not have the opportunity to make determinations as to the other co-defendants' status as co-employers. And, assuming the co-defendants may be held liable pursuant to CEPA, the trial court did not have the opportunity to address the agency argument that may bind these non-signatories to the arbitration clause contained in the Employment Agreement between Renew and plaintiff, the extent of overlap of legal and factual issues amongst these parties, or whether severance of parties or claims is feasible and warranted. Perhaps most importantly, co-

12

defendants Newport, Excelsior, and Londono did not have an opportunity to be heard either before the trial court or in this appeal, which prevents our meaningful appellate review. On remand, we instruct the trial court to conduct limited discovery and determine whether defendants Newport, Excelsior, or Londono may be held liable as co-employers pursuant to CEPA, whether they may be bound by the arbitration clause, or whether their claims may be severed.

To the extent we have not addressed any of plaintiff's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Reversed and remanded. Plaintiff's complaint is reinstated. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0658-24